THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID J. SILAS, Defendant-Appellant.

Second District No. 2—94—0575

Opinion filed March 20, 1996.

G. Joseph Weller, Kim M. DeWitt, and Amy Kraus, all of State Appellate Defender's Office, of Elgin, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:
Following a stipulated bench trial in the circuit court of Du Page

County, defendant, David J. Silas, was convicted of residential burglary (720 ILCS 5/19—3(a) (West 1994)). Defendant was subsequently sentenced to a term of seven years' imprisonment.

Prior to the stipulated bench trial, defendant motioned to suppress inculpatory statements he made to the Carol Stream police. In the statements, defendant admitted that he entered a house in Carol Stream with the intention of taking money or anything of value that he could sell to obtain drugs. The trial court denied defendant's motion to suppress the statements.

On appeal, defendant contends that we must reverse his conviction because: (1) the trial court erred when it denied his motion to suppress; and (2) he did not sign a written jury trial waiver. We will first consider the jury waiver issue.

Defendant contends that because he did not execute a written jury waiver we must reverse his conviction and remand for a new trial. The State concedes that defendant did not execute a written waiver. However, the State contends that defendant made a voluntary and knowing oral waiver of his right to a jury trial in open court and that any error regarding the absence of a written waiver of this right was therefore harmless. Defendant does not dispute the State's contention that he made a voluntary and knowing oral waiver of his jury trial right in open court. Moreover, defendant concedes that he did not raise the jury waiver issue in his post-trial motion. Nonetheless, defendant asserts that we must reverse his conviction because the absence of a written jury waiver constitutes plain error.

In support of his position, defendant relies on section 115—1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—1 (West 1994)) and the cases which have construed section 115—1 to require the reversal of a conviction in the absence of a written jury waiver. Section 115—1 provides that "[a]ll prosecutions except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury unless the defendant waives a jury trial in writing." 725 ILCS 5/115—1 (West 1994).

In *People v. Nuccio*, 263 Ill. App. 3d 315 (1994), the defendant argued that this court should reverse his conviction because he had not understandingly waived his right to a jury trial. 263 Ill. App. 3d at 316. Relying on section 115—1, we reversed the conviction because the record did not contain a written jury waiver. 263 Ill. App. 3d at 316-17. *Nuccio* could thus be read to require automatic reversal in cases involving a jury waiver issue where the defendant did not execute a written jury waiver.

In *People v. Jennings*, 268 Ill. App. 3d 439 (1994), the Appellate Court, Third District, addressed a jury waiver issue and purported to

follow *Nuccio*. In *Jennings*, the State argued that *Nuccio* was distinguishable because the defendant in *Jennings* made a knowing oral jury waiver in open court. 268 Ill. App. 3d at 443-44. The *Jennings* court rejected the State's argument and held that the court was not free to ignore the plain language of section 115—1 which required a written jury waiver. 268 Ill. App. 3d at 444. The *Jennings* court also concluded that issues regarding the waiver of a right to trial by jury affected a substantial right and, therefore, under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)), should be considered by a reviewing court even if not properly preserved in the trial court. 268 Ill. App. 3d at 444.

In *People v. Daniels*, 273 Ill. App. 3d 645 (1995), the Appellate Court, Fourth District, addressed a jury waiver issue and followed *Nuccio* and *Jennings*. The *Daniels* court expressly concluded that (1) a jury waiver must not only be understandingly made, but must also be in writing; (2) a defendant does not waive a jury waiver issue if he did not file a post-trial motion; and (3) the denial of a defendant's right to a trial by jury is not harmless error because that right is fundamental to the criminal justice system. 273 Ill. App. 3d at 646-47.

Here, the State first contends that *Nuccio* and *Jennings*, the cases which defendant primarily relies on, are distinguishable from this case because, unlike this case, neither of those cases involved a stipulated bench trial. Relying on *People v. Horton*, 143 Ill. 2d 11 (1991), the State argues that a written jury waiver should not be required in a stipulated bench trial because a stipulated bench trial is similar to a guilty plea and therefore constitutes an exception to the section 115—1 requirement of a written jury waiver.

The State's reliance on *Horton* is misplaced. In *Horton*, the defendant asserted that he was entitled to the admonishments required by Supreme Court Rule 402 (134 Ill. 2d R. 402) because a stipulated bench trial was tantamount to a guilty plea. 143 Ill. 2d at 14. The supreme court determined that a stipulated bench trial where the defendant presents and preserves a defense, such as a suppression issue, is not tantamount to a guilty plea provided that the defendant has not stipulated that the evidence is sufficient to support his conviction. 143 Ill. 2d at 22.

■ In this case, as in *Horton*, defendant presented and preserved a defense based on a suppression issue. In addition, unlike the second stipulated bench trial in *Horton*, defendant in this case never expressly stipulated to the sufficiency of the evidence to convict. Therefore, defendant's stipulated bench trial was not tantamount to a guilty plea. Accordingly, we hold that this case does not fall under

the guilty plea exception to the section 115—1 requirement that a defendant waive a jury trial in writing. It is unnecessary for us to consider the issue of whether the guilty plea exception would apply to a stipulated bench trial wherein a defendant has stipulated to the sufficiency of the evidence to convict.

The State next contends that, even if section 115—1 applies in a stipulated bench trial, a recent case, *People v. Sandham*, 276 Ill. App. 3d 86 (1995), *appeal granted*, No. 80130, which held that the absence of a written jury waiver is harmless error if the waiver is otherwise valid, shows that *Nuccio* and *Jennings* were wrongly decided. In *Sandham*, the Appellate Court, Fourth District, determined that the defendant in that case had made a knowing oral jury waiver in open court. 276 Ill. App. 3d at 89. The court then decided that the absence of a written jury waiver does not require the reversal of a defendant's conviction in all cases. 276 Ill. App. 3d at 89. The court concluded that the failure to obtain a written jury waiver in that case was harmless error. 276 Ill. App. 3d at 89.

We agree with the *Sandham* court that the absence of a written jury waiver does not require the reversal of a defendant's conviction in all cases. Where, as in *Sandham*, a defendant has made a knowing oral waiver of his right to a jury trial in open court, the absence of a written jury waiver is harmless error and does not require reversal.

In this case, defendant does not dispute the State's claim that he voluntarily and knowingly waived his right to a jury trial in open court. Accordingly, following *Sandham*, the absence of a written jury waiver in this case was harmless error and does not require the reversal of defendant's conviction.

Considering the circumstances presented in *Nuccio*, we believe that this court correctly reversed the conviction and remanded for a new trial. In *Nuccio*, unlike the circumstances of the present case, there were facts from which the defendant could contend that he did not make a knowing and understanding jury waiver. Under those circumstances, the absence of a written jury waiver was an important factor to be considered and could not be viewed as harmless error. However, contrary to our statement in *Nuccio*, we now conclude that the absence of a written waiver will not require reversal in all cases.

The statutory provision requiring that a waiver of a jury trial be evidenced by the defendant's signature is, in our view, an excellent protective measure. As we have observed, whether a defendant has signed a written waiver may well prove to be a key consideration in some cases. We strongly encourage trial courts to adhere to the written jury waiver procedure. However, where, as in the present case, the record plainly reflects a knowing and voluntary jury waiver, we

hold that the inadvertent noncompliance with the written waiver provision of section 115—1 does not alone constitute a deprivation of a substantial right cognizable under the plain error doctrine as mandating automatic reversal of the conviction.

Defendant next contends that the trial court erred when it denied his motion to suppress inculpatory statements he made to the police while in police custody. In his motion, defendant claimed that he did not knowingly waive his *Miranda* rights before making the statements.

The trial court held an evidentiary hearing on defendant's motion to suppress the statements. At the hearing, a Carol Stream police detective, Anthony Gualano, testified that he interviewed defendant at 8:55 a.m. on October 2, 1993, in an interview room at the Carol Stream police department. Gualano further testified as follows. The first thing Gualano did in the interview booth was to advise defendant of his *Miranda* rights by reading each warning on a *Miranda* warning form to defendant and having defendant read the first two warnings back to Gualano. Defendant initialed each of the five warnings on the form and then signed the "acknowledgement and waiver of rights" section of the form.

On cross-examination, Gualano acknowledged that defendant told him during the interview that defendant had smoked an eight ball of crack cocaine at approximately 4 a.m. that morning. On redirect examination, Gualano testified that defendant's answers to questions were responsive.

Defendant testified that he was still feeling the effects of the cocaine during the interview. Defendant further testified that the effects of the cocaine included fear, being paranoid, a dreamy state, and a cloudy mind.

On cross-examination, defendant testified that he recalled telling Gualano during the interview that he had smoked the crack cocaine at approximately 4 a.m. Defendant also recalled: running from the police and jumping over at least one fence; speaking to Gualano in the interview room; being read to by Gualano; and answering questions asked by Gualano. Defendant did not recall signing the *Miranda* warning form although he acknowledged that the signature and initials on the form were his.

In rebuttal testimony, Gualano testified as follows. After giving defendant the *Miranda* warnings, Gualano asked defendant other questions. Defendant's answers to those questions were responsive. Defendant told Gualano that defendant had been staying at a friend's house and that he and his friend smoked crack cocaine around 4 a.m. on October 2, 1993. Around 5 a.m., on the same morning, defendant

was hungry and left his friend's house to go to a store in Carol Stream for the purpose of getting something to eat. Defendant got lost and went into the backyards of some houses. Defendant pulled open the unlocked, sliding glass door of a house and went inside the house. Defendant went inside the house because he was looking for money or anything small he could take to sell to obtain more crack cocaine because he did not have the money necessary to purchase the cocaine. Defendant also told Gualano where he had been working. Gualano later verified that defendant did in fact work where he claimed he worked.

At the conclusion of the hearing on the motion to suppress, the trial judge first determined that defendant's waiver was voluntary. The judge then stated that the main remaining question was whether defendant knowingly waived his *Miranda* rights. The judge found that there was insufficient evidence of gross intoxication or impairment to warrant suppression of defendant's statements.

A reviewing court should not disturb a trial court's findings on a motion to suppress evidence unless the finding is against the manifest weight of the evidence. *In re W.C.*, 167 Ill. 2d 307, 329 (1995). Whether a defendant knowingly waived his rights depends on the particular facts and circumstances of each case. *People v. Bernasco*, 138 Ill. 2d 349, 368 (1990).

Drug use may render inculpatory statements inadmissible. *People v. Kincaid*, 87 Ill. 2d 107, 117 (1981). However, a court will suppress a defendant's inculpatory statements on the ground of intoxication or drug use only when the defendant was so grossly intoxicated at the time he made the statements that he lacked the capacity to knowingly waive his rights. *People v. Matthews*, 205 Ill. App. 3d 371, 409 (1990). Unless the evidence of a defendant's impaired condition clearly demonstrates that he lacked the capacity to knowingly waive his rights, his inculpatory statements are admissible, and the evidence of the impaired condition goes only to the weight to be given to the statements. *People v. Franklin*, 189 Ill. App. 3d 425, 431 (1989).

■ The record in this case supports the trial court's finding that there was no substantial evidence of gross intoxication. Defendant responded properly to Gualano's questions. See *People v. Glass*, 232 Ill. App. 3d 136, 150 (1992). Defendant gave a coherent narration of the events preceding and during his entry into the residence. Defendant's own testimony did not clearly indicate that he was grossly intoxicated or lacked the capacity to knowingly waive his rights. On this record, the trial court's denial of defendant's motion to suppress was not against the manifest weight of the evidence. Accordingly, the trial court did not err when it denied defendant's motion to suppress his inculpatory statements.

Based on the foregoing, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

BOWMAN and RATHJE, JJ., concur.