THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIC N. MUELLER, Defendant-Appellant.

Fifth District    No. 5—94—0300

Opinion filed June 12, 1996.—Rehearing denied June 26, 1996.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Dennis Hatch, State's Attorney, of Nashville (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

After a bench trial, the defendant, Eric N. Mueller, was found guilty of reckless homicide and other related traffic offenses. Defendant was sentenced to five years' imprisonment. On appeal, defendant argues that his conviction must be reversed, because he did not sign a written jury waiver. For reasons we will more fully explain, we affirm.

■ In Illinois, there are two statutes that govern a criminal defendant's rights to receive or waive a trial by jury. Section 103—6 of the Code of Criminal Procedure of 1963 provides, in relevant part, as follows:

"Every person accused of an offense shall have the right to a trial by jury unless (i) understandingly waived by defendant in open court ***." 725 ILCS 5/103—6 (West 1992).

Section 115—1 provides for the method by which a defendant may waive his right to a jury trial.

"Method of Trial. All prosecutions except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury unless the defendant waives a jury trial in writing." 725 ILCS 5/115—1 (West 1992).

In the trial court below, prior to the bench trial, defendant was advised of his right to a trial by jury on the record, in the presence of his attorney and in open court. Defendant stated that he understood that he had a right to a jury trial but that he wanted to waive his right to a jury trial, that he understood what the court meant by a bench trial, and that he wanted a bench trial. Defendant did not sign a written waiver of his right to a jury trial before or after the trial. Defendant filed a post-trial motion, but he did not raise the issue of the lack of a written jury waiver in that motion.

On appeal, defendant argues only that the lack of a written jury waiver form requires this court to reverse his conviction and remand his case for a new trial. Defendant does not refute the State's argument that he knowingly and voluntarily waived his right to a jury

trial and that his stipulated bench trial was fair. The State additionally argues that the error of not having defendant sign a written jury trial waiver is harmless error that defendant has waived, since he did not raise the issue in his post-trial motion.

We find that the lack of a written jury waiver is harmless error under the circumstances of the case. Normally, we would consider an error such as this waived for purposes of our review, since defendant did not raise the issue in his post-trial motion. See *People v. Enoch*, 122 Ill. 2d 176 (1988). Nevertheless, due to the importance of the issue and the arguments raised by defendant, we choose to consider the merits of this issue.

Defendant argues that the trial court's failure to obtain a written waiver of jury trial cannot be considered harmless error. Defendant cites *Arizona v. Fulminante*, 499 U.S. 279, 309-10, 113 L. Ed. 2d 302, 331, 111 S. Ct. 1246, 1265 (1991), for the proposition that the form of the trial, whether jury or bench, is part of the framework within which a trial proceeds and, therefore, any defect, including the lack of a writing to memorialize defendant's oral waiver of jury trial, is not subject to harmless error analysis. Defendant's argument is flawed.

In the *Fulminante* case, the United States Supreme Court was not referring to the form in which a defendant is allowed to waive a jury trial, which is at the heart of the issue before this court. On the contrary, the Court in *Fulminante* determined that constitutional deprivations such as the complete deprivation of counsel or the presence of a judge who is biased affect "the framework within which the trial proceeds" and are different from errors in the trial process itself. *Fulminante*, 499 U.S. at 309-10, 113 L. Ed. 2d at 331, 111 S. Ct. at 1265.

●2 In the case at bar, defendant does not argue that there was any error in the bench trial, that he was prejudiced in any way by proceeding in a bench trial rather than in a jury trial, or that his bench trial was in any way unfair. Defendant argues, in essence, that the form of the waiver of his substantial right to a jury trial must take precedence over the substance of his admittedly knowing and voluntary waiver of that right.

We do not believe that section 115—1 requires us to reverse an otherwise fair conviction on the basis of what amounts to a ministerial error by the trial court. Rather, we believe that the proscription of section 103—6, which requires defendant's waiver of jury trial to be made "understandingly" and "in open court," should prevail in this case, in order to protect defendant's substantive right to receive *or waive* trial by jury. Here, defendant does not deny that, in open

court, he understandingly waived his right to a trial by jury. Thus, the requirements of section 103—6 are fulfilled.

Defendant's argument is premised upon a line of appellate court cases that have held that the written waiver requirement of section 115—1 is mandatory, regardless of whether defendant understandingly waives his right to a jury trial or makes any claim of unfairness or prejudice. *People v. Daniels*, 273 Ill. App. 3d 645 (1995); *People v. Jennings*, 268 Ill. App. 3d 439 (1994); *People v. Nuccio*, 263 Ill. App. 3d 315 (1994). In two of these cases, *Daniels* and *Nuccio*, the rule that the failure to comply with section 115—1 requires automatic reversal has been overruled by later cases. We decline to follow the third case upon which defendant relies, *Jennings*.

The *Daniels* case was decided by the Fourth District Appellate Court. However, the fourth district has recently issued the decision in *People v. Sandham*, 276 Ill. App. 3d 86 (1995), *appeal allowed*, 165 Ill. 2d 562 (1996). In *Sandham*, the fourth district distinguished *Daniels* and held that where the jury trial waiver is made understandingly and in open court in compliance with section 103—6, failure to comply with the writing requirement of section 115—1 may be considered harmless error. *Sandham*, 276 Ill. App. 3d at 88-89; 725 ILCS 5/103—6, 115—1 (West 1992). Additionally, the court in *Sandham* determined that there is no set formula for determining whether a waiver was knowingly made, and that failure to obtain a written jury waiver does not require reversal in all cases. *Sandham*, 276 Ill. App. 3d at 89.

Similarly, the Second District Appellate Court has retracted from its position as stated in the *Nuccio* case. In *People v. Silas*, 278 Ill. App. 3d 400, 663 N.E.2d 443 (1996), the second district stated that its decision in *Nuccio* could be read "to require automatic reversal in cases involving a jury waiver issue where the defendant did not execute a written jury waiver." *Silas*, 278 Ill. App. 3d at 401, 663 N.E.2d at 445. The *Silas* court denounced its earlier position as stated in *Nuccio* and went on to acknowledge its agreement with the fourth district in the *Sandham* case. "[T]he absence of a written jury waiver does not require the reversal of a defendant's conviction in all cases. Where, as in *Sandham*, a defendant has made a knowing oral waiver of his right to a jury trial in open court, the absence of a written jury waiver is harmless error and does not require reversal." *Silas*, 278 Ill. App. 3d at 403, 663 N.E.2d at 446.

In the cases cited by the parties and in the cases we have located in our own search, the only district of the Illinois Appellate Court to persist in holding the written jury waiver requirement of section 115—1 to be mandatory is the third district. In the *Jennings* case, the third district stated:

"[T]he purpose of section 115—1 is to effectuate the constitutional right to a jury trial. [Citation.] That right carries with it the defendant's personal right to waive a jury trial ***." *Jennings*, 268 Ill. App. 3d at 445.

The court went on to find, however, that it was required to reverse the defendant's conviction for failure to comply with section 115—1, even though the record was clear that the defendant in that case understandingly waived his right to a jury trial in open court.

We feel that the better-reasoned position on this issue is that expressed in the second and fourth district cases of *Silas* and *Sandham*. Therefore, we expressly follow those cases.

In the case at bar, we hold that defendant is not entitled to a new trial. The record is clear that defendant understood that he was waiving his right to a trial by jury before he agreed to a bench trial. Defendant's oral waiver of a jury trial was made in open court, with counsel present. Defendant does not argue that he was prejudiced or that his trial was unfair in any way. We have thoroughly reviewed the record and find that the bench trial was fair in every way.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

WELCH and MAAG, JJ., concur.