THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KURT
B. TAYLOR, Defendant-Appellant.

Second District   No. 2—96—0055

Opinion filed August 13, 1997.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate
Defender's Office, of Elgin, and Sandra Z. Nueschen, of Corbett & Donahue,
P.C., of McHenry, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of
State's Attorneys Appellate Prosecutor's Office, of counsel), and Anthony J.
Peraica, of Chicago, for the People.

PRESIDING JUSTICE GEIGER delivered the opinion of the
court:

The defendant, Kurt B. Taylor, was charged by complaint with
the offense of driving while his license was revoked (625 ILCS 5/6—
303 (West 1994)). Following a bench trial, the defendant was convicted
of the offense and was sentenced to one year of conditional discharge
and 30 days' confinement in the county jail.

On appeal, the defendant argues that (1) the court erred in conducting a bench trial without first obtaining his written jury trial waiver and without determining that he expressly and understandingly waived his right to a jury trial; and (2) he was not proved guilty of the offense beyond a reasonable doubt where the evidence consisted of the testimony of a biased ex-girlfriend. We reverse and remand.

The record further discloses that, on August 4, 1995, the cause was transferred from the traffic division to the presiding judge for a jury trial and the appointment of the public defender. On September 1, 1995, the defendant appeared in court and an assistant public defender was appointed. At the time of the appointment, the assistant public defender was not in the courtroom and the case was passed. When the case was subsequently recalled, the assistant public defender stated, "If I could have a date for a bench trial." The court assigned the date of October 18. There is no clear indication in the report of proceedings that the defendant was still present at this time or heard what transpired.

■ There is no written jury waiver in the record. Section 115—1 of the Code of Criminal Procedure of 1963 (Code) requires that all prosecutions "except on a plea of guilty or guilty but mentally ill shall be tried by the court and a jury unless the defendant waives a jury trial in writing." 725 ILCS 5/115—1 (West 1994).

On October 18, 1995, the trial court continued the matter to December 12 for a bench trial on defense counsel's request because she had received discovery only minutes before. The record again does not expressly show whether the defendant heard what transpired.

On December 12, 1995, the case was tried to the court. Susan Harvestine, the defendant's ex-girlfriend, testified that, on July 9, 1995, the defendant came to her apartment house in Glendale Heights to pick up their four-year-old daughter for visitation. She came out of the apartment house and turned her daughter over to the defendant in the parking lot. As she was going to work, she got into her car with her son and saw the defendant walk to a white Chevrolet and get into it. After she put her son into his seat, she turned around and saw the defendant as he pulled out of the parking lot onto Gladstone Drive. The defendant was behind the wheel and was driving the car. She was standing four or five feet away. She testified there was no one else in the car other than the defendant and her daughter. She followed him in her car and observed him go to Bloomingdale Road. He sped around the corner.

On cross-examination, Harvestine acknowledged that, after their breakup, she and the defendant had problems over visitation and

child support. Since she was dating a new boyfriend, there were more problems than before. Harvestine could not state what the defendant was wearing and did not see the license plate on the car. That afternoon, she called her boyfriend from work and told him what had happened; he called the police to see if there was anything Harvestine could do about it. She maintained that it was her idea to report the defendant to the police.

Officer James Cole of the Glendale Heights police department testified that Gladstone Drive and Bloomingdale Road were public highways. The court admitted into evidence a certified copy of the defendant's driving abstract. The defendant presented no evidence. Following the arguments of counsel, the court found no basis to conclude that the prosecution's witness had lied, and the court found the defendant guilty of the offense.

■ Although the defendant did not raise the issue whether he understandingly and expressly waived his right to a jury trial in the court below, we elect not to waive this issue because of the fundamental right involved. The right of an accused to a jury trial in a criminal prosecution is constitutionally guaranteed, and the courts have a duty to ensure that a defendant's waiver of this right be made expressly and understandingly. *People v. Smith*, 106 Ill. 2d 327, 333-34 (1985). While the courts have previously recognized the validity of a waiver made by defense counsel in the presence of the defendant and without his objection, the validity of that waiver has been deemed to depend on the existence of an adequate memorial of the event. *Smith*, 106 Ill. 2d at 334. Where it appears that the record on appeal is sufficiently complete, an understanding waiver of the right to a jury trial will not be found to exist on the basis of a silent record, and the cause will be remanded for a new trial. See *Smith*, 106 Ill. 2d at 336-37.

In *People v. Nuccio*, 263 Ill. App. 3d 315 (2d Dist. 1994), the defendant argued that he did not understandingly waive his right to a jury trial in open court and could not be held to have acquiesced in his counsel's waiver when counsel requested a bench trial outside the defendant's presence. Relying on section 115—1 of the Code, this court concluded that the failure of the record to contain the statutory written waiver of a jury trial required a reversal of the conviction and a remand for a new trial. The Appellate Court, Third District, maintains that the failure to obtain a statutory written jury waiver constitutes reversible error. See *People v. Jennings*, 268 Ill. App. 3d 439 (3d Dist. 1994), reaffirmed by *People v. Tooles*, 278 Ill. App. 3d 756 (3d Dist. 1996), *appeal allowed*, 169 Ill. 2d 586 (1996). But see *People v. Sandham*, 276 Ill. App. 3d 86 (4th Dist. 1995) (failure to

obtain written jury waiver was harmless error), *rev'd on other grounds*, 174 Ill. 2d 379 (1996).

In *People v. Silas*, 278 Ill. App. 3d 400 (2d Dist. 1996), defendant agreed to a stipulated bench trial but did not execute a written jury trial waiver. He did not dispute that he made a voluntary and knowing oral waiver, in open court, of his right to a jury trial. This court concluded that, as in *Sandham*, the absence of a written jury waiver does not require the reversal of a defendant's conviction in all cases. The *Silas* court determined that, where the defendant had made a knowing oral waiver of his right to a jury trial in open court, the inadvertent absence of a written jury waiver was harmless error and did not require a reversal.

However, the *Silas* court stated that *Nuccio* was correctly decided as there were facts in *Nuccio* from which the defendant could properly contend that he did not make a knowing and understanding jury waiver, and, under the circumstances in *Nuccio*, the absence of a written jury waiver was an important factor to be considered and could not be viewed as harmless error.

■ The lack of a written jury waiver may be considered a key factor in requiring reversal. *Silas*, 278 Ill. App. 3d at 403. This is such a case. The completeness of the record is not disputed. There is no express indication that the defendant was ever given a choice of a bench or a jury trial. Since the record does not plainly show that the defendant made a knowing and express waiver of his right to a jury trial, the failure to execute the statutory, written jury trial waiver requires a reversal of the conviction and a remand for further proceedings. We again exhort the trial courts to adhere to the written jury waiver procedure so as to preclude needless appeals and remands. See *Tooles*, 278 Ill. App. 3d at 759.

■ We also conclude that, after viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence, found credible by the fact finder, to sustain the conviction and to avoid a double jeopardy violation in the event of a retrial. See *People v. Sandham*, 174 Ill. 2d 379, 390 (1996); *Nuccio*, 263 Ill. App. 3d at 317-18. However, we caution that this conclusion does not in any way imply that we have made a determination of the defendant's guilt or innocence which would be binding on retrial. See *Jennings*, 268 Ill. App. 3d at 448.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and DOYLE, JJ., concur.