THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARGIT R. LUNDGREN, Defendant-Appellant.

Second District    No. 2—98—1070

Opinion filed December 29, 1999.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Joshua D. Luskin, of Hoffman Estates, for the People.

JUSTICE McLAREN delivered the opinion of the court:

Following a bench trial, defendant, Margit R. Lundgren, was found guilty of obstructing a peace officer (720 ILCS 5/31—1 (West 1998)). Defendant was sentenced to six months of nonreporting conditional discharge and a fine of $185. Defendant timely appeals and contends that her conviction must be reversed (1) because the State failed to prove her guilty beyond a reasonable doubt, and (2) because the record fails to show that she understandingly waived her right to a jury trial. We reverse and remand.

A recitation of the facts is necessary because defendant contends that the evidence was not sufficient to prove her guilty beyond a reasonable doubt. According to a certified bystander's report, defendant was charged with obstructing a peace officer and unlawful delivery of alcoholic liquor to a minor. Defendant did not file a motion to quash arrest on either charge. The State nol-prossed the charge of unlawful delivery of alcoholic liquor to a minor and proceeded to trial only on the charge of obstructing a peace officer.

The certified bystander's report contains the following facts regarding the proceedings at trial on June 9, 1998. The State's only witness at trial was Scott Harmon, a Maple Park police officer. Harmon testified that he had been an officer with the Maple Park police department for 1 1/2 years. On January 1, 1998, at about 1 a.m., Harmon went to the door of defendant's residence. Harmon testified that defendant opened the door slightly but then attempted to close the door when she saw that it was the police. Harmon stopped defendant from closing the door by putting his foot in the doorway. Harmon testified that he told defendant that he had a complaint for her arrest. Harmon testified that defendant "told him to get out" and "put her hand on his chest and pushed him out the door." According to Har-

mon, the door was then opened and defendant was placed in custody without further resistance. On cross-examination, Harmon acknowledged that he did not have a warrant for defendant's arrest.

After the trial court denied her motion for a directed finding, defendant presented her case. .Louie Dell, a neighbor of defendant's, testified that he was with defendant when Officer Harmon came to defendant's door, that defendant opened the door about four inches, and that Harmon then started pushing the door. Dell also testified that defendant told Harmon that he was not welcome there and that when defendant said that to Harmon she put her hand on Harmon's chest. According to Dell, Harmon then came into defendant's home and placed her under arrest. On cross-examination, Dell testified that Harmon did not say anything when he first came to defendant's door.

Defendant testified that when Harmon came to her door she opened the door and Harmon asked her if she was Margit Lundgren. Defendant also testified that when she answered affirmatively Harmon began to walk into her home and she told him that he was not an invited guest. Defendant acknowledged that when Harmon began to enter her home she put her hand on his chest to stop him from entering.

The trial court found defendant guilty of obstructing a peace officer. The trial court subsequently denied defendant's posttrial motion that sought the reversal of her conviction or a new trial. Defendant's timely notice of appeal followed.

On appeal, defendant contends that her conviction must be reversed because the State failed to prove her guilty beyond a reasonable doubt and because the record fails to show that she understandingly waived her right to a jury trial.

We first address the jury waiver issue. The certified bystander's report does not directly address or otherwise refer to a waiver by defendant of her right to a jury trial. The only pertinent document in the common law record is an order that was entered on April 28, 1998. The order is a preprinted form with certain boxes checked. Next to one of the checked boxes is the following text: "Defendant is present in open court." Next to another checked box is "case continued to 6/9/98." Next to another checked box is "by agreement." And next to another box is "bench trial."

Defendant argues that this record fails to show that she was advised of her right to a jury trial or that she validly waived that right and therefore her conviction must be reversed. The State first responds that defendant has waived the issue of jury waiver by failing to raise it in the trial court.

Even if defendant did not raise the jury waiver issue in the

trial court, we elect to address the issue because of the fundamental right involved. The right of a defendant to a jury trial in a criminal prosecution is constitutionally guaranteed. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. Consequently, courts have a duty to ensure that a defendant's waiver of this right is expressly and understandingly made. *People v. Taylor*, 291 Ill. App. 3d 18, 20 (1997).

The State next argues that defendant is not entitled to reversal of her conviction on the merits of the jury waiver issue. In the State's view, the record is adequate to show that defendant understandingly waived her right to a jury trial. The State also takes the position that defendant is not entitled to reversal because she failed to show that she was prejudiced by her choice of a bench trial.

■ A criminal defendant may waive his right to a trial by jury if he understandingly waives the right in open court. 725 ILCS 5/103—6 (West 1998). To be valid, such a waiver should be in writing. 725 ILCS 5/115—1 (West 1998).

However, while the written waiver requirement is easily applied and should be complied with in every case, the failure to do so does not result in reversal so long as the defendant's waiver was made understandingly in open court. *People v. Tooles*, 177 Ill. 2d 462, 468 (1997). A knowing oral waiver can be found where, in the defendant's presence and without objection from the defendant, defendant's counsel expressly advises the court of the defendant's desire to proceed by a bench trial. *People v. Lombardi*, 305 Ill. App. 3d 33, 40 (1999).

■ In order for a defendant's waiver of his right to a jury trial to be valid, it is not necessary that the record affirmatively show that the court advised him of his right to a jury trial or that he was advised of the consequences of his waiver. *People v. Frey*, 103 Ill. 2d 327, 332 (1984). However, at a minimum, a valid waiver requires that the defendant be present in open court and that waiver at least be discussed. *People v. Scott*, 186 Ill. 2d 283, 285 (1999). Whether a waiver was understandingly made is determined by the facts and circumstances of each case. *Frey*, 103 Ill. 2d at 332.

■ In this case, the record shows that defendant was present in open court when the trial court entered an order indicating that the matter would proceed to a bench trial. However, nothing shows that defendant's attorney expressly advised the court of defendant's desire to proceed with a bench trial while defendant stood silent. Nothing shows that defendant signed a written waiver of her right to a jury trial. Nothing shows that jury waiver was discussed at any time.

We conclude that this record fails to show that defendant made an understanding waiver of her right to a jury trial. Defendant is therefore entitled to a reversal of her conviction and a new trial.

Our conclusion is not changed by the State's contention that defendant's jury waiver should be upheld because defendant did not allege and prove that she was prejudiced by her choice of a bench trial over a jury trial. In support of that proposition, the State relies on *People v. Akis*, 63 Ill. 2d 296 (1976), and *People v. Murrell*, 60 Ill. 2d 287 (1975). However, the State's reliance on those cases is misplaced because in those cases waiver had been made by the defendants' attorneys in open court while the defendants were present or the defendants had personally waived a jury trial in the presence of their counsel. Unlike those cases, there is nothing in this case but a presumption that defendant made an understanding waiver of her right to a jury trial because a box on a preprinted form was marked "bench trial." We believe that this was simply not enough to show that defendant made an understanding waiver as required by *Scott*.

■ Because we are remanding this cause for a new trial, we briefly consider whether the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt. Defendant argues that she is entitled to reversal of her conviction of obstructing a peace officer because no rational trier of fact could determine beyond a reasonable doubt that Officer Harmon's actions in entering defendant's residence to arrest her without a warrant were authorized. That is not the issue. The issue is whether a rational trier of fact could have determined that defendant obstructed her arrest when she placed her hand on Officer Harmon's chest and closed the door after Officer Harmon told her that he had a complaint for her arrest. In such circumstances, it is irrelevant whether the arrest is legal or illegal. See *People v. Villarreal*, 152 Ill. 2d 368, 380 (1992).

After thoroughly reviewing the evidence, we find that it was sufficient to support the guilty finding for purposes of double jeopardy. This finding is not binding on the trial court and is intended only to eliminate any risk that defendant would be subject to double jeopardy on retrial. See *People v. Taylor*, 76 Ill. 2d 289, 309-10 (1979).

The judgment of the circuit court of Kane County is reversed, and this cause is remanded to the circuit court for a new trial.

Reversed and remanded.

THOMAS and RAPP, JJ., concur.