734 N.E.2d 179 (2000)
315 Ill. App.3d 620
248 Ill.Dec. 471
In re R.A.B., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
R.A.B., Respondent-Appellant).
No. 2-99-0313.
Appellate Court of Illinois, Second District.
August 2, 2000.
Rehearing Denied August 31, 2000.
*180 G. Joseph Weller, Deputy Defender (Court-appointed), Office of the State Appellate Defender, Karen L. Daniel (Court-appointed), Oak Park, for R.A.B.
Joseph E. Birkett, Du Page County State's Attorney, Wheaton, Martin P. Moltz, Deputy Director, State's Attorneys Appellate Prosecutor, Elgin, Lynn Hirschfeld Brahin, Chicago, for the People.
Justice INGLIS delivered the opinion of the court:
Respondent, R.A.B., appeals from his adjudication of delinquency as a violent juvenile offender. Respondent contends that he did not knowingly waive his right to a jury trial pursuant to subsection 5-36(d) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5-36(d) (West 1996) (now 705 ILCS 405/5-820 (West 1998))) and that, as the stipulated bench trial was tantamount to an admission, he did not knowingly waive his privilege against self-incrimination. We reverse and remand.
The record shows that, on June 19, 1998, the victim (a minor) was outside her home showing some friends $100 that she had received as a gift for graduation. Respondent's little brother snatched a $10 bill from the victim's hand but immediately returned it. The victim placed the bill in her pocket. Respondent, observing the occurrence, pushed the victim with one hand and grabbed the remaining $90 with his other hand. Respondent and the victim struggled, and the victim bit respondent on the arm in an attempt to retain her money. Respondent nevertheless succeeded in taking the $90 from the victim and fled the scene in a friend's car.
The victim recognized respondent and knew where he lived. She and her mother attempted to retrieve the money by going to respondent's home, but they were unsuccessful. The victim then contacted the police.
Following an interview with the victim, Detective Naydenoff approached respondent. Respondent admitted taking the victim's money, saying that the victim deserved *181 it because she should not have been flashing the money around like that. Respondent told Naydenoff that he had spent the money on food and movies.
On June 25, 1998, the State filed a delinquency petition alleging that respondent had committed the offense of robbery. On that day, the State also filed both a notice of its intent to prosecute respondent as a violent juvenile offender pursuant to section 5-36 of the Act (705 ILCS 405/5-36 (West 1996)) and a motion to prosecute respondent as an adult. Following a transfer hearing, the trial court determined that respondent should not be prosecuted as an adult. Thereafter, respondent filed a motion to suppress statements, a motion to suppress identification, and a motion to dismiss the violent juvenile offender petition. On November 20, 1998, the trial court denied respondent's motion to dismiss and set December 4, 1998, for a hearing on respondent's motions to suppress.
On December 4, 1998, respondent withdrew the motions to suppress and the following exchange occurred:
"MS. ZAHRIEH [Respondent's counsel]: Judge, we are somewhat changing our answer. We would be stipulating that if the State put on witnesses, that [sic] the court would find the petitions proven.
MS. ORTON [Prosecutor]: Your Honor, this is essentially a stipulated bench trial.
THE COURT: Okay, what's the difference between a stipulated bench trial and actual admission to the charge?
MS. ORTON: My understanding, your Honor, is that you, that in order to pursue an appeal regarding the court's ruling on the minor's petition regarding the violent juvenile offender petition by the People, in order to pursue an appeal, that, in fact, minor need to only stipulate or go through a stipulated bench trial, rather than actually admit the petition.
THE COURT: Is that the manner in which you wish to proceed?
MS. ZAHRIEH: Yes, sir."
The State presented the stipulated evidence against respondent and the following exchange occurred:
"THE COURT: [Respondent], at this time this is a stipulated bench trial, in that this is the evidence if the case were to proceed forward the State would produce. It does appear to be sufficient beyond a reasonable doubt to sustain the * * * charges that have been filed. Actually one count of burglary, one count of theft [both counts on a petition not at issue in this appeal] and one of the two counts of robbery.
You do, however, have the right to have a formal hearing, where the witnesses were required to appear in the courtroom, then subject them to cross-examination.
And if you proceeded in this way, however, the stipulated bench trial, these are the rights you're giving up. The only other trial there will be is what the [S]tate's [A]ttorney has just elicited, do you understand this?
MINOR RESPONDENT: Yes.
* * *
[The trial court explained the possible penalties faced by respondent, and respondent indicated he understood.]
* * *
THE COURT: Bearing everything in mind that I have explained to you, also the possible consequences, is it your agreement to proceed this way on a stipulated bench trial, or, in fact, do you wish to have the witnesses brought into court and proceed to trial?
MINOR RESPONDENT: I'd like to admit, sir.
THE COURT: All right, this is not really in the nature of an admission. You're not admitting to the charges, but what you're doing is not contesting the State's evidence.

*182 MINOR RESPONDENT: I don't want to go to trial.
THE COURT: You actually do not want a trial beyond what has occurred this morning, is that right?
MINOR RESPONDENT: Yes.
THE COURT: All right. You're making that decision of your own free will?
MINOR RESPONDENT: Yes.
THE COURT: Okay, on that basis then I'm going to concur and proceed this morning as a stipulated bench trial. And will then indicate that my findings are the evidence submitted by the state's attorney is sufficient beyond a reasonable doubt to sustain * * * the charge of robbery as alleged in case number 98 JD 701."
On December 16, 1998, the trial court committed respondent to the Department of Corrections until the age of 21. Respondent filed a motion to reconsider, which the trial court denied, and this timely appeal followed.
On appeal, respondent contends that he did not knowingly waive his right to a jury trial under section 5-36(d) of the Act (705 ILCS 405/5-36(d) (West 1996)). As an initial matter, we note that respondent did not raise this error in the court below. Ordinarily, this failure would foreclose our consideration of this error under principles of waiver; however, as the knowing waiver of the right to a jury trial is a fundamental right, we may consider this issue under the doctrine of plain error. 134 Ill.2d R. 615(a); People v. Taylor, 291 Ill.App.3d 18, 20, 225 Ill.Dec. 474, 683 N.E.2d 977 (1997).
Section 5-36(d) of the Act provides that a "[t]rial on the petition shall be by jury unless the minor demands, in open court and with advice of counsel, a trial by the court without a jury." 705 ILCS 405/5-36(d) (West 1996). The interpretation of this provision is an issue of first impression. We note that, analogously to section 5-36, section 103-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103-6 (West 1998)) provides that the right to a jury trial must be "understandingly waived by defendant in open court." Additionally, section 115-1 of the Code (725 ILCS 5/115-1 (West 1998)) requires jury waivers to be in writing. Thus, we look to the Code, and the cases interpreting the waiver of the right to a jury trial, for guidance in interpreting section 5-36 of the Act.
The determination of whether the right to trial has been understandingly waived turns on the facts and circumstances of each particular case. People v. Lombardi, 305 Ill.App.3d 33, 39, 238 Ill. Dec. 323, 711 N.E.2d 426 (1999). No particular admonition or advice to a defendant or respondent is required before an effective jury waiver may be made. People v. Tooles, 177 Ill.2d 462, 469, 227 Ill.Dec. 125, 687 N.E.2d 48 (1997). The failure to obtain a written jury waiver does not constitute reversible error so long as the waiver was understandingly made in open court. People v. Scott, 186 Ill.2d 283, 285, 238 Ill.Dec. 36, 710 N.E.2d 833 (1999).
Applying these principles to the case at bar, we conclude that respondent did not expressly and understandingly waive his right to a jury trial. No written jury waiver appears in the record. There is also no record of any discussion of respondent's right to a jury trial appearing in any of the transcripts. The transcript of the December 4 hearing, quoted above, demonstrates that, although the trial court admonished respondent concerning his right to confront and examine witnesses and the possible penalties he faced, the trial court failed to suggest that respondent had a right to a jury trial and would be waiving that right by agreeing to the stipulated bench trial. Thus, the record is, at best, silent concerning the issue of respondent understandingly waiving his right to a jury trial. Where the record is sufficiently complete, an understanding jury waiver will not be found on a silent *183 record. Taylor, 291 Ill.App.3d at 20, 225 Ill.Dec. 474, 683 N.E.2d 977. (We also note that respondent indicates that transcripts to several hearings were not included in the record and avers that the record is nevertheless sufficient to review his claim on appeal. The State does not contest the sufficiency of the record. Additionally, we further note that, "[i]f the State believes that the jury waiver was made on an occasion other than that suggested in the record, then the record may be supplemented, at the State's request, with the corresponding report." People v. Smith, 106 Ill.2d 327, 335, 88 Ill.Dec. 42, 478 N.E.2d 357 (1985).) Accordingly, we conclude that, in the absence of an express and understanding jury waiver, this cause must be remanded for a new trial.
The State argues that respondent's counsel waived a jury trial as a result of her actions. The State contends that respondent acquiesced to the jury waiver because he failed to object to counsel's statement that respondent would be proceeding by way of a stipulated bench trial. We disagree.
The State correctly notes that an effective waiver may occur where a defendant's attorney makes an affirmative statement in open court and in the defendant's presence and the defendant does not object. People v. Frey, 103 Ill.2d 327, 332, 82 Ill.Dec. 661, 469 N.E.2d 195 (1984); People v. Murrell, 60 Ill.2d 287, 290, 326 N.E.2d 762 (1975); Lombardi, 305 Ill.App.3d at 40, 238 Ill.Dec. 323, 711 N.E.2d 426; People v. Silas, 278 Ill.App.3d 400, 403, 215 Ill.Dec. 432, 663 N.E.2d 443 (1996); People v. Tucker, 183 Ill.App.3d 333, 335, 131 Ill.Dec. 890, 539 N.E.2d 243 (1989). This rule, however, does not apply to this case because respondent was not given the opportunity to waive a jury trial; he was not even informed by the trial court that he had the right to choose a jury trial over a bench trial. Counsel's statement, that she was stipulating to the sufficiency of the State's evidence, was insufficient to inform respondent that he was waiving his right to a jury trial; indeed, the State, and not respondent's counsel, first supplied the term of art, "stipulated bench trial." The trial court merely informed respondent that he would be giving up his right to confront and examine witnesses if he agreed to proceed by the stipulated bench trial and did not mention that respondent would also be giving up his right to a jury trial. Thus, contrary to the State's contentions, the record does not show that respondent's counsel made an affirmative representation that respondent would accept a bench trial in lieu of a jury trial.
Moreover, the cases cited by the State are all distinguishable. In Frey and Silas, the defendant made an oral waiver of his right to a jury trial at some point prior to the beginning of the bench trial. Frey, 103 Ill.2d at 332-33, 82 Ill.Dec. 661, 469 N.E.2d 195; Silas, 278 Ill.App.3d at 401, 215 Ill.Dec. 432, 663 N.E.2d 443. Here, by contrast, there is no record of respondent ever making any sort of waiver.
In Lombardi, the defendant's counsel stated that the defendant was "`ready for the bench trial'" and "`wish[ed] to proceed on the bench trial as planned,'" with the defendant making no objection. Lombardi, 305 Ill.App.3d at 40, 238 Ill.Dec. 323, 711 N.E.2d 426. In addition, before the end of the trial, the trial court questioned the defendant and ascertained that she had understandingly waived her right to a jury trial. Lombardi, 305 Ill.App.3d at 38-39, 40, 238 Ill.Dec. 323, 711 N.E.2d 426. Thus, in Lombardi, the defendant acquiesced to her counsel's affirmative statement that the defendant would take a bench trial. In this case, however, respondent's counsel did not make an affirmative statement and respondent was never questioned about relinquishing his right to a jury trial.
In Tucker, the defendant's counsel responded that the defendant wanted a bench trial after the trial court asked if the defendant was pursuing a jury trial. Tucker, 183 Ill.App.3d at 334, 131 Ill.Dec. 890, 539 N.E.2d 243. Thus, the defendant *184 was given the choice between taking a bench or jury trial. In this case, respondent was never asked to choose.
In Murrell, it is unclear as to what the facts surrounding the jury waivers were. The court held that each attorney's waiver of a jury trial was effective against each defendant. Murrell, 60 Ill.2d at 291, 326 N.E.2d 762. Here, respondent's counsel did not respond to a choice offered by the trial court or otherwise affirmatively act to waive respondent's right to a jury trial.
Instead, we find Taylor to be more factually similar to the case at bar than any case cited by the State. In Taylor, there was no written jury waiver, and the record was silent concerning whether the defendant was ever given a choice of conducting a bench or a jury trial. Taylor, 291 Ill. App.3d at 21, 225 Ill.Dec. 474, 683 N.E.2d 977. Likewise, in this case, there was no written jury waiver and no record of respondent ever having been given his choice between proceeding by a bench trial or a jury trial. Accordingly, because the record does not show that respondent understandingly waived his right to a jury trial, the cause must be remanded for a new trial.
Based on our resolution of the jury waiver issue, we need not address respondent's remaining argument. We note that, as the evidence adduced before the trial court was sufficient to sustain a finding that respondent committed robbery beyond a reasonable doubt, there will be no double jeopardy violation in case of a new trial on this cause. See Taylor, 291 Ill.App.3d at 21, 225 Ill.Dec. 474, 683 N.E.2d 977.
The judgment of the circuit court of Du Page County is reversed, and the cause is remanded.
Reversed and remanded.
GEIGER and GALASSO, JJ., concur.