THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. YUSEF OWENS, Defendant-Appellant.

First District (5th Division)   No. 1—01—0245

Opinion filed December 27, 2002.

CAMPBELL, P.J., specially concurring.
QUINN, J., specially concurring.

Rita A. Fry, Public Defender, of Chicago (Cari J. Resnick, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Mary L. Boland, and Carrie E. Strobel, Assistant State's Attorneys, of counsel), for the People.

JUSTICE REID delivered the opinion of the court:

Following a bench trial, Yusef Owens (Owens) was convicted of reckless driving. 625 ILCS 5/11—503 (West 2000). Owens claims the trial court conducted the bench trial without first admonishing him of his right to a jury trial and without getting a valid jury waiver before proceeding. For the reasons that follow, we reverse the trial court's judgment and remand for a new trial consistent with the views expressed herein.

## BACKGROUND

The misdemeanor complaint alleged that Owens, with a wanton disregard for the safety of persons or property, drove over the curb and onto the easement, swerved from side to side, and nearly struck several parked vehicles. The complaint also alleged that Owens, when boxed in by police vehicles, placed his car in reverse and struck one of the police cars in an attempt to flee. The other complaints included charges for having no valid front license plate, failure to reduce speed to avoid an accident, driving under the influence of alcohol, operating an uninsured motor vehicle, and driving on an expired driver's license.

The record shows that the trial court called the case but passed it because Owens' attorney was not present. When the case was recalled, the following exchange took place, after which the trial took place without further objection:

"THE COURT: Mr. Owens, did I previously admonish you of a jury—

THE DEFENDANT: Yes.

THE COURT: All right. I thought I did."

At the close of the State's case in chief, Owens moved for a directed finding on all charges. The trial court granted the motion as to the driving under the influence charge but denied the motion as to the reckless driving charge and the other minor charges. At the end of the trial, the court found Owens guilty of reckless driving and the other minor charges. He was sentenced to 20 days in the Cook County Department of Corrections for the reckless driving and fined on the other minor charges, the incarceration satisfying all previous fines. His notice of appeal only makes reference to the judgment of guilt of reckless driving entered on December 18, 2000.

Owens argues that the trial court deprived him of his constitutional right to a jury trial by not admonishing him as to the right to a jury trial. Owens claims that the trial court failed to secure a knowing, voluntary, intelligent jury waiver. Owens admits he did not include this issue in a motion for a new trial, but he now argues that it should be reviewed by this court under the plain error doctrine because the error is of such a magnitude that it denied him a fair trial.

Owens argues error because the United States and Illinois Constitutions guarantee the right to a trial by jury, yet there is no proof in the record of a knowing, intelligent jury trial waiver. Here the colloquy between the trial court and the defendant is incomplete. It makes reference to some prior conversation having something to do with a jury, but the language is no more illuminating than that. Beyond that incomplete, unclear colloquy, the transcript of proceedings in the record is silent. The common law record does not contain a signed, written jury waiver. It does contain notations on the half-sheet and the order of sentence and commitment to the Department of Corrections suggesting that jury trial was waived.

The State responds that the issue has been waived by Owens' failure to preserve it below. The State argues that plain error review is not called for because the evidence is neither closely balanced nor is the error of such a magnitude that the defendant was denied a fair trial. The State argues that the evidence of intoxication, reckless driving, running up on the curb and grass easement, stopping the car in the middle of the street, and almost striking the parked cars is overwhelming evidence of guilt. The State also argues that opting for a bench trial should be considered a knowing waiver of the right to a jury because Owens was represented by counsel. The State further argues that the implication of the notation on the half-sheet and order of sentence and commitment should be considered as well. Finally, the State argues that Owens' failure to object during the proceedings implies he was fine with a bench trial.

## ANALYSIS

The issue in this case involves whether Owens knowingly waived his right to a jury trial. Since the facts are not questioned, the issue is a question of law. Accordingly, our review is *de novo. In re R.A.B.*, 197 Ill. 2d 358, 362 (2001), citing *Woods v. Cole*, 181 Ill. 2d 512, 516 (1998). The right to trial by jury is fundamental to the American criminal justice system. *People v. Smith*, 326 Ill. App. 3d 831, 847 (2001), citing *Duncan v. Louisiana*, 391 U.S. 145, 149, 20 L. Ed. 2d 491, 496, 88 S. Ct. 1444, 1447 (1968). Both the United States Constitution and the Illinois Constitution provide for jury trials in

criminal cases. *Smith*, 326 Ill. App. 3d at 847, citing U.S. Const. amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. Ultimately, the decision whether to waive a jury trial belongs to the defendant. *People v. Segoviano*, 189 Ill. 2d 228, 240 (2000).

■ To be a valid jury waiver, it must be knowingly and understandingly made. *R.A.B.*, 197 Ill. 2d at 364, citing *People v. Smith*, 106 Ill. 2d 327, 334 (1985). A determination of whether a jury waiver is valid cannot rest on any precise formula but depends on the facts and circumstances of each particular case. *R.A.B.*, 197 Ill. 2d at 364, citing *People v. Frey*, 103 Ill. 2d 327, 332 (1984); *People v. Milbratz*, 323 Ill. App. 3d 206 (2001); *People v. Duncan*, 297 Ill. App. 3d 446 (1998). No specific admonition or advice is required before an effective jury waiver may be made. *R.A.B.*, 197 Ill. 2d at 364, citing *People v. Tooles*, 177 Ill. 2d 462, 469 (1997). The failure to file a written jury waiver does not require reversal so long as the waiver was understandingly made in open court. *R.A.B.*, 197 Ill. 2d at 364, citing *People v. Scott*, 186 Ill. 2d 283, 284-85 (1999).

■ The record is clear that Owens is raising this issue before this court for the first time on appeal. "Ordinarily, errors not objected to during trial or raised in the post-trial motion are considered waived." *R.A.B.*, 197 Ill. 2d at 362; *People v. Enoch*, 122 Ill. 2d 176 (1988). " 'Failure to raise issues in the trial court denies that court the opportunity to grant a new trial, if warranted. This casts a needless burden of preparing and processing appeals upon appellate counsel for the defense, the prosecution, and upon the court of review. Without a post-trial motion limiting the consideration to errors considered significant, the appeal is open-ended. Appellate counsel may comb the record for every semblance of error and raise issues on appeal whether or not trial counsel considered them of any importance.' " *Enoch*, 122 Ill. 2d at 186, quoting *People v. Caballero*, 102 Ill. 2d 23, 31-32 (1984). "Illinois Supreme Court Rule 615(a) provides that 'notice may be taken of "[a]ny error, defect, irregularity, or variance" which affects "substantial rights" though such was not "brought to the attention of the trial court." ' " *People v. Lindsey*, 201 Ill. 2d 45, 53-54 (2002), quoting *People v. Keene*, 169 Ill. 2d 1, 16-17 (1995), quoting 134 Ill. 2d R. 615(a). This is known as the plain error doctrine. It is invoked in two limited circumstances: " '(1) where the evidence is closely balanced; or (2) when the errors are of such magnitude that defendant was denied a fair and impartial trial and remedying the error is necessary to preserve the integrity of the judicial process.' " *R.A.B.*, 197 Ill. 2d at 363, quoting *People v. Nieves*, 192 Ill. 2d 487, 502-03 (2000). The Illinois Supreme Court applied the plain error doctrine in *R.A.B.*, holding that "[a]s this case deals with the knowing waiver of the

fundamental right to a jury trial, we will consider this issue under the plain error doctrine. *R.A.B.*, 197 Ill. 2d at 363, citing *People v. Smith*, 106 Ill. 2d 327, 333 (1985); *People v. Taylor*, 291 Ill. App. 3d 18, 20-21 (1997).

■ "Responsibility for preserving and presenting a sufficient record of the asserted error necessarily falls on the party who makes the assertion of error." *Smith*, 106 Ill. 2d at 334-35, citing *People v. Edwards*, 74 Ill. 2d 1 (1978). "Given the statutory requirement that a jury waiver be made in open court, a suitable report of the proceeding in which the waiver is supposed to have occurred will be an essential part of the record in an appeal that raises the question. The necessary report may take any one of several forms—our rules provide that if a verbatim transcript of a proceeding is not available, a party may submit in its stead a proposed report of proceedings or an agreed statement of facts." *Smith*, 106 Ill. 2d at 334.

■ Turning to the facts of this case, we cannot conclude with certainty that Owens knowingly and intelligently waived his right to a jury trial. We can only go by what is contained in the record. We do not have a signed document indicating Owens' knowing, intelligent waiver. We also do not have representations by defense counsel, made in defendant's presence, upon which we could reasonably conclude the defendant was bound. See *People v. Duncan*, 297 Ill. App. 3d 446, 452 (1998). "[W]hen an entry in the common law record indicates that a jury waiver has been made, a defendant seeking review of that question should include in the record on appeal a transcript, or suitable substitute for one, of the corresponding proceeding. Only by that means can a court of review determine whether the entry in the record reflects a valid jury waiver." *Smith*, 106 Ill. 2d at 335. " 'If the claim is that the jury waiver was not made in open court or that it was not understandingly made, the record should be sufficient to cover all proceedings which involved the waiver.' " *Smith*, 106 Ill. 2d at 335, quoting *People v. Oatis*, 47 Ill. App. 3d 229, 232 (1977). Here the only mentions of the purported jury waiver are the "JW" notations on the half sheet and order of commitment. To conclude that the trial court's interrupted comments, which at best refer to an unspecified prior conversation not documented anywhere in the record, would be a sufficient jury waiver requires this court to make an unsupported assumption. We are asked to presume that the prior conversation contained the necessary instructions and admonitions sufficient to make the waiver valid. Though the State would have this court use the administrative notations in the half sheet and order of commitment to shore up the deficiencies of those proceedings held on the record, that again fails to demonstrate with clarity and specificity

what took place. "Review of the validity of a defendant's waiver of his right to a jury trial depends, of course, on the existence of an adequate memorial of the event, if it occurred at all." *Smith*, 106 Ill. 2d at 334, citing *People v. Chitwood*, 67 Ill. 2d 443 (1977). Without a transcript of the earlier proceedings, we have only circumstantial evidence that Owens knowingly and intelligently understood the nature of what he is being asked to have waived. Our review of the record indicates that the assumptions underlying the trial court's acceptance of the purported jury waiver are not sufficient to meet the requirements of a knowing and intelligent waiver. After all, if the trial court erroneously believed the defendant waived his right to a jury trial, the trial court's notations in the common law record would also be based upon that error and would not accurately reflect the truth. We cannot reasonably apply a presumption of validity, with its underlying component of both knowledge and intelligence, to that which lacks certainty and clarity.

Because the cause will be remanded for further proceedings, we have reviewed the record and find that the evidence presented before the trial court was sufficient to find that the defendant committed the alleged offense of reckless driving beyond a reasonable doubt. "Thus, there will be no double jeopardy violation in the event of a new trial. [Citation.] Our conclusion does not in any way imply a determination of [defendant's] guilt or innocence that would be binding on retrial." *R.A.B.*, 197 Ill. 2d at 369.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand the matter for a new trial consistent with the views expressed herein.

Reversed and remanded.

PRESIDING JUSTICE CAMPBELL, specially concurring:

I write separately only to emphasize the direction given by our supreme court in *Chitwood*:

" 'It takes but a few moments of a trial judge's time to directly elicit from a defendant a response indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury. This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers.' " *People v. Chitwood*, 67 Ill. 2d 443, 448-49, 367 N.E.2d 1331, 1334 (1977), quoting *People v. Bell*, 104 Ill. App. 2d 479, 482, 244 N.E.2d 321, 323 (1968).

In this case, if the trial court was unsure as to whether it performed

its duty to secure a knowing jury waiver on the record, it could have taken a few moments to perform the procedure. It is far more preferable to have two knowing jury waivers on record than to have none.

JUSTICE QUINN, specially concurring.

I agree with the majority opinion and Justice Campbell's special concurrence. I write separately to indicate that I believe that when a defendant raises the issue of whether he knowingly waived his right to a jury trial for the first time on appeal, this court is not always required to review the issue under the plain error doctrine. In *In re R.A.B.*, 197 Ill. 2d 358, 363 (2001), our supreme court held: "As this case deals with the knowing waiver of the fundamental right to a jury trial, we will consider this issue under the plain error doctrine. *People v. Smith*, 106 Ill. 2d 327, 333 (1985); *People v. Taylor*, 291 Ill. App. 3d 18, 20-21 (1997)."

In *People v. Smith*, the court noted that neither defendant raised the issue of a lack of a knowing jury waiver before the trial court. The court then said:

> "The waiver rule is one of administrative convenience rather than jurisdiction, however, and we have provided by rule that plain errors affecting substantial rights may be noticed on review though not brought to the trial court's attention (87 Ill. 2d R. 615(a)). Without determining that in every case the sufficiency of a jury waiver will warrant review, we shall consider the issue as it is presented in the two causes here, given its importance and the frequency with which it arises." *People v. Smith*, 106 Ill. 2d at 333.

Similarly, in *People v. Tooles*, 177 Ill. 2d 462 (1997), the court also cited Supreme Court Rule 615(a) and said, "Without determining whether, in every case, the failure to secure a written jury waiver warrants review under the plain error rule, we shall consider the instant defendants' jury waiver arguments because of the frequency with which issues surrounding noncompliance with this requirement have been arising in the appellate court." *People v. Tooles*, 177 Ill. 2d at 465.

Based on the language used in the preceding cases, I believe that, in the appropriate case, this court may decline to apply the plain error doctrine to a defendant's assertion that he did not voluntarily and knowingly waive his right to a jury trial, when that assertion is raised for the first time on appeal. See *People v. O'Donnell*, 192 Ill. App. 3d 321 (1989).