*In re* ANDREA D., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Andre D., Respondent-Appellant).

Second District    No. 2—02—0763

Opinion filed January 22, 2003.—Rehearing denied February 19, 2003.

Anna M. Wilhelmi, of Anna M. Wilhelmi Law Offices, P.C., of Aurora, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CALLUM delivered the opinion of the court:

Respondent, Andre D., appeals the trial court's orders finding him unfit and terminating his parental rights to his daughter, Andrea D. Respondent raises two arguments in this appeal. First, he argues that the court's findings of unfitness were erroneous as a matter of law because the State's amended motion for termination of parental rights was not sufficiently specific, where it (1) did not state a cause of action; (2) did not comply with a statutory notice requirement to apprise respondent that he could "permanently" lose his parental rights (705 ILCS 405/2—13(4) (West 2000)); and (3) was not verified. Respondent next asserts that the trial court's determination that he was unfit was against the manifest weight of the evidence. We reverse.

## I. Motion Taken With the Case

■ In a motion that we ordered taken with this case, the State requests that we strike a paragraph of respondent's brief as improper due to its argumentative nature. We note that, following the State's motion, respondent filed a motion to, *inter alia*, amend his brief to delete the argumentative portion of the aforementioned paragraph. We allowed respondent's motion. Therefore, given our disposition of respondent's motion, the State's request is denied as moot.

## II. Failure to State a Cause of Action

Respondent argues first that the State's pleadings were insufficiently specific in that they failed to state a cause of action.

■ The sufficiency of pleadings is an issue of law, which we review *de novo. U.S. Fire Insurance Co. v. Zurich Insurance Co.*, 329 Ill. App. 3d 987, 1002 (2002). The essential test of the sufficiency of a petition is whether it reasonably informs the respondent of a valid claim against him. *In re Harpman*, 146 Ill. App. 3d 504, 512 (1986). The requirement of pleading with specificity does not require more than a setting forth of the specific statutory grounds of unfitness. *In re M.S.*, 210 Ill. App. 3d 1085, 1091-92 (1991).

In its amended petition, the State alleged that respondent was an unfit parent under subsections (b), (i), (r), and (s) of section 1(D) of the Adoption Act (750 ILCS 50/1(D)(b), (i), (r), (s) (West 2000)). The State recited the statutory language, without more.

In *M.S.*, this court held that a petition that merely tracked the statutory language "was sufficient to apprise the respondent of the claim against her." *M.S.*, 210 Ill. App. 3d at 1093. Given this precedent, we conclude that the pleadings here were sufficiently specific.

## III. Pleading Defect Relating to Permanent Termination of Parental Rights

Respondent next contends that the trial court's finding of unfitness was erroneous because the State's petition was defective on its face in that it failed to apprise respondent that his parental rights could be "permanently" terminated. 705 ILCS 405/2—13(4) (West 2000).

■ We note first that respondent did not raise this issue at trial. Generally, pleading defects must be raised at trial so that they may be remedied; otherwise, the defects are waived. *In re Dragoo*, 96 Ill. App. 3d 1104, 1107 (1981). However, under the plain error doctrine, we may address a waived issue if the evidence is closely balanced or the error affects substantial rights. 134 Ill. 2d R. 615(a). The termination of parental rights affects a fundamental liberty interest. *In re J.J.*, 201 Ill. 2d 236, 243 (2002). Here, we are not amenable to invoking waiver where the question is whether respondent was provided with a statutorily mandated notice. Thus, we choose to review this question. *In re R.A.B.*, 315 Ill. App. 3d 620, 623 (2000) (plain error rule invoked where issue involved fundamental right to a jury trial); *In re J.C.*, 163 Ill. App. 3d 877, 891 (1987) (plain error rule invoked where issue involved fundamental right to effective assistance of counsel).

■ Section 2—13(4) of the Juvenile Court Act of 1987 (Act) provides:

"(4) If termination of parental rights and appointment of a guardian of the person with power to consent to adoption of the minor under Section 2—29 is sought, the petition shall so state. *If the petition includes this request, the prayer for relief shall clearly and obviously state that the parents could permanently lose their rights as a parent at this hearing.*

In addition to the foregoing, the petitioner, by motion, may request the termination of parental rights and appointment of a guardian of the person with power to consent to adoption of the minor under Section 2—29 at any time after the entry of a dispositional order under Section 2—22." (Emphasis added.) 705 ILCS 405/2—13(4) (West 2000).

The State's petition, in its prayer for relief, requests that the parental rights of Andrea's parents "be terminated with respect to said minor[ ]"; that the Guardianship Administrator be continued as legal guardian of Andrea and that she "be given the power to consent to [Andrea's] adoption should anyone desire to legally adopt [Andrea]"; and that the consent of the "Guardian" to adoption "shall be binding upon" the parents "without any further notice to them, or consent by them." Nowhere in the State's petition is there an explicit request for "permanent" termination of respondent's parental rights.

Respondent argues that the State's failure to comply with the Act's explicit requirement that its petition "clearly and obviously" state that respondent could "permanently" lose his rights as a parent renders the pleadings defective.

The State responds that its petition properly indicated to respondent that the State sought to terminate his parental rights. It points to the language in the prayer for relief that requests that the parental rights of the parents "be terminated"; that the Guardianship Administrator be given the power to consent to Andrea's adoption; and that the consent "shall be binding" on the parents "without any further notice to them, or consent by them."

■ In interpreting a statute, our objective is to ascertain and give effect to the intent of the legislature. *In re S.G.*, 175 Ill. 2d 471, 480 (1997). The most reliable indicator of legislative intent is the language of the statute. *S.G.*, 175 Ill. 2d at 480. The Act contains strict procedural requirements that embody a policy favoring the superior right of parents to the custody of their own children. *In re Y.B.*, 285 Ill. App. 3d 385, 390 (1996). Where the language of a statute applicable to juvenile or adoption proceedings is clear and unambiguous, "it is the duty of the court to apply it literally." *Y.B.*, 285 Ill. App. 3d at 390.

■ The State's contention that its petition adequately complies with the language in the second sentence of section 2—13(4) of the

Act is unpersuasive. The aforementioned language in the State's petition conforms to the requirements in the first sentence in section 2—13(4). However, the second sentence of that section assumes compliance with the first because it begins, "[i]f the petition includes this request." 705 ILCS 405/2—13(4) (West 2000). Section 2—13(4) then sets forth an additional requirement for a valid petition in cases where the petition includes a request for termination and a request for the aforementioned adoption powers: the petition must "clearly and obviously" state that the parents could "permanently" lose their parental rights at the hearing. 705 ILCS 405/2—13(4) (West 2000). We are required to give full effect to each provision in a statute and construe the language so that it is not rendered meaningless. See *In re C.W.*, 199 Ill. 2d 198, 218 (2002). Thus, we conclude that the preceding requirement was not satisfied in this case. The notice that the legislature required was directed to laypersons/parents. It was not directed to persons trained in the law. In this context, the State's argument fails. The requirement that the notice be clear and obvious necessarily requires the use of the word "permanently" in the petition. The State's petition was therefore defective on its face and this defect warrants reversal.

## IV. Verification of Pleadings

■ Respondent next argues that the State's pleadings were insufficient in that they were not verified. See 705 ILCS 405/2—13(2) (West 2000).

Upon filing its brief in this case, the State also moved for leave to supplement the record with a copy of its amended pleadings. We allowed the motion. Upon review, the pleadings contain a verification page. However, it is not clear from the record whether the State attempted to admit the verification page in the trial court. Should the State choose to file another petition in this matter, it should note that the Act requires verification of a petition for termination of parental rights filed thereunder. See 705 ILCS 405/2—13(2) (West 2000).

## V. Conclusion

■ Because we hold that the State's petition was defective, the orders of the trial court finding respondent unfit and terminating his parental rights must be reversed. As such, we deem it unnecessary to rule upon the remaining issues presented in this appeal.

The judgment of the circuit court of Kane County is reversed.

Reversed.

McLAREN and GROMETER, JJ., concur.