*In re* CHRISTOPHER J., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Tamara J., Respondent-Appellant).

Second District   No. 2—02—1074

Opinion filed May 8, 2003.

Jay Wiegman, of Wiegman Law Office, of Somonauk, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Respondent, Tamara J., appeals from the order of the trial court terminating her parental rights to her son, Christopher J. We affirm.

On March 30, 2001, Christopher J. was adjudicated a neglected minor. On May 14, 2002, the State filed a petition to terminate parental rights, alleging, among other things, that Tamara failed to make reasonable progress toward Christopher's return within the nine-month period from August 14, 2001, to May 14, 2002. Following a hearing, the trial court found the State's petition proved as to that single allegation and found Tamara unfit. The court subsequently found that the termination of Tamara's parental rights was in Christopher's best interests and terminated Tamara's parental rights. This appeal followed.

Tamara now contends that the court's finding of unfitness must be reversed because the nine-month period alleged in the State's petition was not the nine-month period required by section 1(D)(m)(iii) of

the Adoption Act (750 ILCS 50/1(D)(m)(iii) (West 2000)), under which she was found to be unfit. Section 1(D)(m)(iii) states that a parent may be found unfit if she fails:

> "to make reasonable progress toward the return of the child *** during any 9-month period after the end of the initial 9-month period following the adjudication of neglected or abused minor." 750 ILCS 50/1(D)(m)(iii) (West 2000).

In this case, Christopher was adjudicated a neglected minor on March 30, 2001, and the court's dispositional order was entered on April 27, 2001. The State alleged that Tamara failed to make reasonable progress during the nine-month period of August 14, 2001, to May 14, 2002. Tamara argues that the nine-month period should not have begun until at least January 27, 2002, nine months after the court's dispositional order. Thus, the State's petition for termination did not conform to the statute, and the court's finding of unfitness must be reversed.

We first note, however, that Tamara did not raise this issue in the trial court. Pleading defects must be raised in the trial court so that they may be remedied; otherwise, they are waived. *In re Andrea D.*, 336 Ill. App. 3d 335, 337 (2003). This court may choose to address a waived issue if the evidence is closely balanced or the error affects substantial rights. *Andrea D.*, 336 Ill. App. 3d at 337. While the termination of parental rights affects a fundamental liberty interest, we decline to address the issue under the circumstances of this case. There is no allegation that Tamara was denied a fair hearing on the petition, nor is the sufficiency of the evidence contested. Tamara was not denied due process in this case and has shown no prejudice. Therefore, we find the issue waived.

For these reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

GROMETER and KAPALA, JJ., concur.