Docket Nos. 80995, 80997, 81002 cons.–Agenda 7–May 1997.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. TYREESE TOOLES, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIAM FARMER, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, A ppellant, v. DEMARCO GRAY, Appellee.

Opinion filed October 17, 1997.

JUSTICE HEIPLE delivered the opinion of the court:

The sole question presented for our consideration is whether a judgment of conviction must be reversed and the cause remanded for a new trial where a trial court fails to secure a defendant's written jury waiver in violation of section 115–1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115–1 (West 1992)). The appellate court, in each of the three cases allowed and consolidated for our review (
Tooles
, 278 Ill. App. 3d 756; 
Farmer
, No. 3–94–0163 (unpublished order under Supreme Court Rule 23); 
Gray
, No. 3–94–0299 (unpublished order under Supreme Court Rule 23)), held that the absence of a written jury waiver necessitated reversal and remand. For the reasons expressed below, we disagree and hold that the failure to secure a written jury waiver does not require a new trial where it can be shown that the defendant's waiver was otherwise understandingly made. 725 ILCS 5/103–6 (West 1992); 
People v. Smith
, 106 Ill. 2d 327, 334 (1985).

While the State concedes that defendants did not execute written jury waivers as required by section 115–1, it initially argues that the defendants have waived any claims based on this error because they did not raise them at trial and in their post-trial motions. See 
People v. Enoch
, 122 Ill. 2d 176, 186-87 (1988). Defendants counter that the failure to procure a written jury waiver is plain error under Rule 615(a), which excuses waiver where, 
inter alia
, the alleged error is so fundamental that the defendant was denied a fair proceeding. 134 Ill. 2d R. 615(a). The waiver rule, however, is one of administrative convenience and is not jurisdictional. 
People v. Smith
, 106 Ill. 2d 327, 333 (1985). Without determining whether, in every case, the failure to secure a written jury waiver warrants review under the plain error rule, we shall consider the instant defendants' jury waiver arguments because of the frequency with which issues surrounding noncompliance with this requirement have been arising in the appellate court. See 
Smith
, 106 Ill. 2d at 333, citing 
People v. Rehbein
, 74 Ill. 2d 435, 439 (1978) (merits may be reached despite waiver on appeal where deciding issue will facilitate the uniform administration of justice).

Section 115–1 of the Code of Criminal Procedure provides:

“Method of Trial. All prosecutions except on a plea of guilty or guilty but mentally ill 
shall be tried by the court and a jury unless the defendant waives a jury trial in writing.
” (Emphasis added.) 725 ILCS 5/115–1 (West 1992).

On appeal, the State contends that the written waiver requirement is procedural, and not substantive, thus making noncompliance with section 115–1 amenable to a harmless error analysis. The defendants counter that the appellate court was correct in holding that the written jury waiver requirement is substantive in nature, necessitating a new trial where a jury is waived without a written waiver. This court considers the question for the first time here today.

In classifying the requirement as substantive in nature, defendants rely upon two previous decisions of this court which declared unconstitutional that portion of section 115–1 requiring the State's agreement before a defendant could waive his right to a jury. 
People ex rel. Daley v. Joyce
, 126 Ill. 2d 209 (1988); 
People v. Gersch
, 135 Ill. 2d 384 (1990). While these precedents do not specifically concern the written jury waiver requirement, defendants argue that their recognition of the inviolate nature of the right to a jury trial suggests that section 115–1's statutory written jury waiver requirement cannot be excused under any circumstances.

The State counters that the right of criminal defendants to be unencumbered in exercising or waiving their right to a jury, recognized in 
Joyce
 and 
Gersch
, is dispositive of nothing in the instant case. 
Joyce
, 126 Ill. 2d 209; 
Gersch
, 135 Ill. 2d 384. Section 115–1's written jury waiver requirement does not impact a defendant's constitutional right to choose whether to have a jury trial. Instead of operating to give substance to or define the defendant's constitutional right to waive a jury, the writing requirement merely memorializes the decision to exercise this right, further imparting to the defendant the significance of the waiver. Thus, 
Joyce
 and 
Gersch
 are readily distinguishable.

The defendants next analogize to 
People v. Nitz
, 173 Ill. 2d 151 (1996), in an attempt to show that the written waiver requirement is substantive and not procedural. 
Nitz
 involved a defendant who, though he had potentially ingested psychotropic medication during trial, was tried without first having the benefit of a fitness hearing. This court held that because the ingestion of psychotropic medication during trial raises a 
bona fide
 doubt as to a defendant's fitness, which further requires an immediate fitness hearing, a new trial was required where no such hearing transpired because neither the reviewing court nor the lower court could, 
nunc pro tunc
, conduct a fitness hearing. 
Nitz
, 173 Ill. 2d at 159, 164. Defendants argue that the same conclusion must obtain in the instant case because the written waiver requirement exists to insure that a defendant has not been denied his constitutional right to a jury trial.

What defendants' reliance on 
Nitz
 fails to acknowledge, however, is that this court held that a fitness hearing could not be conducted 
nunc pro tunc
, and that a new trial was instead required, because of the impossibility of ascertaining a defendant's earlier fitness to stand trial from the cold record or from some after-the-fact forensic analysis. 
Nitz
, 173 Ill. 2d at 163-64; 
People v. Gevas
, 166 Ill. 2d 461, 471 (1995). This is quite distinct from the instant case, where a review of the cold record is more than adequate to determine whether the defendants' jury waiver was made understandingly pursuant to section 103–6 of the Code of Criminal Procedure (725 ILCS 5/103–6 (West 1992)). Thus, 
Nitz
 is of no avail to defendants.

Defendants also analogize to 
People v. Janes
, 158 Ill. 2d 27 (1994), in an attempt to show that noncompliance with the written jury waiver requirement necessitates a new trial without regard for whether the noncompliance was harmless error. Rule 604(d) requires, 
inter alia
, that where a defendant seeks to withdraw a plea of guilty, defense counsel must file a certificate indicating that the petition has been reviewed to insure that it raises every practicable claim of error. In 
Janes
, this court held that noncompliance with Supreme Court Rule 604(d)'s certificate requirement necessitates a new trial without regard to whether the trial record evidences that there was substantial compliance. 
Janes
, 158 Ill. 2d at 35. Defendants argue that the same conclusion must obtain in the instant case because the written waiver requirement exists to insure that a defendant has not been denied his constitutional right to a jury trial.

Defendants' reliance on 
Janes
, however, ignores this court's rationale for requiring strict compliance with Rule 604(d). Specifically, this court determined that strict compliance with Rule 604(d)'s certificate requirement was necessary to insure fundamental fairness of its waiver rules, whereby any issue not raised by defendant in his motion to withdraw his guilty plea is deemed waived. 
Janes
, 158 Ill. 2d at 35 (citing with approval 
People v. Dickerson
, 212 Ill. App. 3d 168, 171 (1991)). To avoid unjust application of its waiver rule, this court requires that defense counsel review the record to determine whether a defendant has raised all the applicable arguments in his motion to withdraw the guilty plea; the certificate requirement evidences that this procedure has been followed. The waiver concerns of Rule 604(d), however, do not apply in the instant case. Regardless of whether a defendant has executed a written jury waiver, he can still argue that his waiver was not made understandingly as required by section 103–6 (725 ILCS 5/103–6 (West 1992)). Because noncompliance with section 115–1's writing requirement does not, 
ipso facto
, result in a defendant's inability to contest the constitutionality of his waiver, this court's analysis in 
Janes
 does not control the outcome in this case.

Ultimately, section 115–1 seeks to insure that a defendant's waiver of the right to a jury is made understandingly in that it is both knowing and voluntary. 725 ILCS 5/103–6 (West 1992); 
Smith
, 106 Ill. 2d at 334. Section 115–1, however, does not define or give substance to the constitutional right to a jury trial; rather, it is prophylactic in nature, thus allowing a court to conduct a review of the record to establish whether a defendant's jury waiver was made understandingly. While the written waiver requirement is easy of application and should be complied with by trial courts in every case, we hold that the failure to do so does not result in reversal so long as the defendant's waiver was made understandingly in accordance with section 103–6 of the Code of Criminal Procedure. 725 ILCS 5/103–6 (West 1992); 
Smith
, 106 Ill. 2d at 334.

In its opening brief, the State specifically argues that the defendants' trial records evidence that each defendant understandingly waived his right to a jury. The defendants' response brief does not address this contention, arguing instead that this question is irrelevant because noncompliance with the written jury waiver requirement necessitates a new trial regardless of whether the oral waiver was knowing and voluntary. Insofar as we have rejected the defendants' construction of section 115–1, we review each defendant's trial record to determine whether he understandingly waived his right to a jury. In doing so we observe that, while the circuit court must insure that a defendant's jury waiver is understandingly made, no set admonition or advice is required before an effective waiver of that right may be made. 
Smith
, 106 Ill. 2d at 334. The determination whether a jury waiver was made understandingly instead turns on the facts and circumstances of each particular case. 
People v. Tye
, 141 Ill. 2d 1, 24 (1990).

No. 80995

The preliminary hearing colloquy between defendant Tyreese Tooles, defendant's counsel and the trial court evidences that defendant's waiver was made understandingly:

“MR. BURNS: Judge, this is up for setting today. We'd like to enter a jury waiver and have it set down for the bench trial as soon as practical with the court.

THE COURT: Okay. Mr. Tooles, how old are you?

DEFENDANT TOOLES: Twenty-four, sir.

THE COURT: Do you know what a jury trial is?

DEFENDANT TOOLES: A-ha.

THE COURT: Can you tell me please?

DEFENDANT TOOLES: A jury trial is when you try it in front of thirteen other people and they decide all that.

THE COURT: You get twelve.

DEFENDANT TOOLES: Judge trial basically you decide.

THE COURT: Constitution guarantees to you a right to trial by jury, do you understand that?

DEFENDANT TOOLES: Yes, I do.

THE COURT: Anybody promise you anything to get you to give up your right to a trial by jury?

DEFENDANT TOOLES: No.

THE COURT: Threaten you?

DEFENDANT TOOLES: No.

THE COURT: Agree with this?

MR. BURNS: Judge, I would.

THE COURT: Court will accept waiver of right to trial by jury.”

After an amended bill of indictment was filed, the following additional admonition was had:

“MR. BURNS: This is also a waiver, Judge. He waived at one point to the original Bill of Indictment. There was an Amended Bill that was filed.

THE COURT: Yeah. Mr. Tooles, Mr. Burns indicates that you had previously waived your right to trial by jury on the original Bill of Indictment *** and now Mr. Burns indicates you would again like to waive your right to trial by jury.

DEFENDANT TOOLES: Yes, sir.

THE COURT: Remember everything I told you last time?

DEFENDANT TOOLES: Right.

THE COURT: Still wish to give it up?

DEFENDANT TOOLES: Um-hum.”

From this it follows that defendant understandingly waived his right to a jury trial. The trial court insured that defendant was aware of the difference between a jury and bench trial and then informed defendant that he had a constitutional right to a trial by jury. The court further determined that defendant's desire to waive his right to a jury trial was not the product of any promises or threats. When an amended bill of indictment was filed, the trial court ascertained that the defendant recalled its previous admonitions after which the defendant reasserted his desire to waive his right to a jury. Under these facts and circumstances, the defendant's waiver was understandingly made as contemplated by section 103–6.

No. 80997

The preliminary hearing colloquy between defendant William Farmer, defendant's counsel and the trial court evidences that defendant's waiver was made understandingly:

“MR. LEE: *** Mr. Farmer's going to waive jury and request a trial before the court.

THE COURT: How old are you, Mr. Farmer?

DEFENDANT FARMER: Twenty-six.

THE COURT: Mr. Farmer, do you understand you are giving up your constitutional right to a jury trial? Once you do that if there is a trial it would be by the judge sitting without a jury. Once you have done that you can't change your mind about it. Do you understand that?

DEFENDANT FARMER: Yes, sir.

THE COURT: All right, jury is waived.”

Though the trial court's admonitions regarding defendant's right to a jury trial were somewhat cursory, they were nevertheless sufficient to insure that he understandingly waived his right to a jury trial. The trial court ascertained that defendant understood he had a constitutional right to a trial by jury and that waiver of this right was irrevocable. The court also apprised defendant that waiving this right would result in a judge, without a jury, deciding his case. We further observe that defendant's criminal record consisted of four previous convictions, through which he was presumably familiar with his constitutional right to a trial by jury and the ramifications attendant to waiving this right. Under these facts and circumstances, the defendant's waiver was understandingly made as contemplated by section 103–6.

No. 81002

The preliminary hearing colloquy between defendant Demarco Gray, defendant's counsel and the trial court evidences that defendant's waiver was made understandingly:

“MR. GERTS: Your Honor, at this time I believe that Mr. Gray will waive his right to a jury and ask for bench trials.

THE COURT: We have both these felonies scheduled for trial today?

MR. GERTS: Yes, your Honor.

THE COURT: All right. Mr. Gray, how old are you sir?

DEFENDANT GRAY: Seventeen.

THE COURT: Mr. Gray, you understand your lawyer tells me you are going to waive, give up, your right to a jury trial at this time? Do you understand a jury trial is where we put 12 people in the jury box and they listen to the evidence, they decide your guilt or innocence? That is a constitutional right.

If you give up that right there is a trial by the court sitting without a jury called a bench trial or a trial by the court. The judge listens to the evidence. He decides what the facts are. He applies the law to the facts. He decides your guilt or innocence.

Once you give up your right to trial by jury if there is a trial at all it will be a bench trial. Do you understand that?

DEFENDANT GRAY: Yes.

THE COURT: You have to say yes sir or no sir. The court reporter has to hear you.

You have discussed this with Mr. Gerts?

DEFENDANT GRAY: Yes, sir.

THE COURT: And having discussed it with him you have decided to give up your right to a jury trial, is that correct?

DEFENDANT GRAY: Yes, sir.

THE COURT: Jury is waived ***.”

From this it follows that defendant understandingly waived his right to a jury trial. The trial court insured that defendant was aware of the difference between a jury and bench trial. The court then stressed that in a bench trial it was the judge, as opposed to a jury, who would decide the facts and apply the law to the facts in deciding defendant's guilt or innocence. When defendant thereafter indicated that he wanted to waive his right to a jury, the court further ascertained that he had conferred with his counsel on this issue before accepting the waiver. Under these facts and circumstances, the defendant's waiver was understandingly made as contemplated by section 103–6.

CONCLUSION

In conclusion, we hold that the failure to procure defendants' written jury waivers does not necessitate reversal of their convictions because the record otherwise evidences that defendants' jury waivers were understandingly made. Accordingly, the judgments of the appellate court are reversed and the judgments of the circuit courts are affirmed.

Appellate court judgments reversed;

circuit court judgments affirmed.