**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180553-U

Order filed November 25, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0553 Circuit No. 16-CM-1008 |
| | ) | |
| JODIE L. BONDS, | ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant knowingly and voluntarily waived her right to a jury trial.

¶ 2     Defendant, Jodie L. Bonds, appeals her conviction for criminal damage to property. Defendant contends that the Kankakee County circuit court failed to properly admonish her before she waived her right to a jury trial. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4        The State charged defendant with criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2016)). During a court appearance, with defendant present, defense counsel requested that the court set the matter for a bench trial. The court stated "[o]kay. October—oh, set for—" and defense counsel responded "[b]ench, [Y]our Honor." The court then addressed defendant, stating "[o]kay. Tell me the difference—because I'm recording up here, and I have to make sure you know the difference between a jury and a bench." Defendant responded that "[t]he bench is where you are deciding after the hearing." On that same day, defendant filed a written jury waiver which states, "I hereby waive a jury trial in the above entitled cause and consent to trial before the court."

¶ 5        The court ultimately held a bench trial and found defendant guilty. The court sentenced defendant to 12 months' conditional discharge. Defendant appeals.

¶ 6                                   II. ANALYSIS

¶ 7        Defendant argues that the circuit court failed to adequately admonish her before she waived her right to a jury trial. Defendant contends the court did not inform her that she had the right to a jury trial and failed to determine that she knew the difference between a jury and bench trial. We find the court did not err as the record establishes that defendant knowingly and voluntarily waived her right to a jury trial.

¶ 8        As an initial matter, we note that defendant forfeited her right to challenge her jury waiver because she failed to raise the issue in the circuit court. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant acknowledges this forfeiture but asks that we review the issue under the second prong of the plain error doctrine. Under that prong, a reviewing court may remedy a "clear or obvious" error when "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The first step in applying the plain error doctrine is to determine if an error occurred. *Id.*

¶ 9   To be valid, a jury waiver must be knowingly and understandingly made. *People v. Bracey*, 213 Ill. 2d 265, 269 (2004). "[W]hile the circuit court must insure that a defendant's jury waiver is understandingly made, no set admonition or advice is required before an effective waiver of that right may be made." *People v. Tooles*, 177 Ill. 2d 462, 469 (1997). Whether a jury waiver is valid depends on the particular facts and circumstances of each case. *Id.* "[J]ury waivers are valid when made in open court by defense counsel 'in defendant's presence where defendant gave no indication of any objection.' " *People v. Turner*, 375 Ill. App. 3d 1101, 1108 (2007) (quoting *People v. Frey*, 103 Ill. 2d 327, 332 (1984)). "[T]he existence of a written waiver supports a finding of a knowing waiver when accompanied by defense counsel's request for a bench trial made in open court and in the defendant's presence." *Id.*

¶ 10   Here, defendant was present when defense counsel requested a bench trial, and she did not voice any objection to the request. Further, at that point, the court explicitly asked her if she knew the difference between a bench and jury trial and her response indicated that she knew a bench trial meant the judge would decide the outcome. Additionally, on the same day her counsel requested the bench trial in her presence, she filed a written jury waiver, which further supports that she knowingly waived her right to a jury trial. See *id.* at 1109. Taking these facts together, we conclude that defendant knowingly and voluntarily waived her right to a jury trial. Therefore, we find no error, and as a result, no plain error.

¶ 11                                    III. CONCLUSION

¶ 12   For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County.

¶ 13   Affirmed.