**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180731-U

Order filed December 10, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-18-0731 Circuit Nos. 17-TR-5299 and 17-TR-5300 |
| JACQUELINE M. CHAPLIN, | ) ) ) | Honorable Frank W. Ierulli, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Lytton and Justice Wright concurred in the judgment.
_____

**ORDER**

¶ 1   *Held*:   The circuit court's failure to ensure that defendant was understandingly waiving her right to trial by jury resulted in an invalid waiver of that right.

¶ 2   Defendant, Jacqueline M. Chaplin, appeals following her convictions for leaving the scene of a motor vehicle accident and driving while license revoked. She contends that the Tazewell County circuit court failed to ensure that her jury waiver had been expressly and

understandingly made before proceeding with a bench trial. We vacate defendant's convictions and remand for further proceedings.

¶ 3                                          I. BACKGROUND

¶ 4        The State charged defendant via complaint with driving while license revoked (625 ILCS 5/6-303(a) (West 2016)), operating an uninsured motor vehicle (*id.* § 3-707(a)), and leaving the scene of an accident that caused damage to a vehicle (*id.* § 11-402(a)).

¶ 5        The common law record shows that an order for continuance was entered on April 25, 2017. Defendant was present in court that day but was not represented by counsel. The docket entry for that day only indicates that a continuance was entered as well as the next court date.

¶ 6        Private counsel entered an appearance on June 20, 2017. An order for continuance, indicating defendant was again present in court, was entered the same day. The docket entry for that day shows only the appearance of counsel and the order for continuance. The pattern held for the next two court dates: defendant appeared in court, a continuance was ordered, and the ensuing docket entry indicated nothing more than "Order for continuance" and the date set therefore.

¶ 7        On September 22, 2017, defendant filed a motion to suppress evidence. The October 5 hearing on that motion is the first proceeding for which a report of proceedings has been provided. The court denied the motion. Counsel subsequently informed the court: "We need to set this for a bench trial." The court responded: "We need to do a jury waiver and then set it over for a bench trial at [defense counsel's] convenience." The report of proceedings ends following that comment.

¶ 8        The common law record includes a written jury waiver filed on October 5, 2017—the same day as the hearing on the motion to suppress. The form, signed by defendant, stated that

2

she "knowingly and understandingly waive[d] [her] right to a trial by jury" and consented "to a trial by the Court without a jury." A continuance was ordered setting the matter for a bench trial on December 20, 2017. The docket entry for October 5 recorded defendant's execution of a written jury waiver simply as "jury waiver."

¶ 9 A stipulated bench trial was held on the scheduled date. The court found defendant not guilty of operating an uninsured motor vehicle but guilty of leaving the scene of an accident and driving while license revoked. The court ultimately sentenced defendant to 12 months' probation and a term of 60 days in jail, held in remission pending the completion of 300 public service hours.

¶ 10 II. ANALYSIS

¶ 11 On appeal, defendant argues that the circuit court failed to adequately admonish her regarding her right to a jury trial or otherwise ensure that her waiver of that right was expressly and understandingly made. As a result, she contends, the court violated her constitutional right to a trial by jury. Conceding that she did not preserve the error in question, defendant asks that we conduct plain error analysis. In response, the State argues that insufficiencies in the record on appeal preclude proper review of defendant's claims, such that this court must affirm.

¶ 12 The United States and Illinois Constitutions provide the right to a trial by jury for every defendant charged with an offense punishable by more than six months' imprisonment. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13; *Baldwin v. New York*, 399 U.S. 66, 68-69 (1970). Any waiver of the right to a trial by jury must be made "understandingly *** by defendant in open court." 725 ILCS 5/103-6 (West 2016); see also *People v. Bannister*, 232 Ill. 2d 52, 66 (2008).

3

¶ 13    The circuit court has a duty to ensure that a defendant seeking to waive his or her right to a jury does so understandingly. *Bannister*, 232 Ill. 2d at 66; *People v. Tooles*, 177 Ill. 2d 462, 469 (1997). There is no specific admonition or advice required from the court in order for a defendant to make a valid jury waiver. *Bannister*, 232 Ill. 2d at 66. "The determination whether a jury waiver was made understandingly instead turns on the facts and circumstances of each particular case." *Tooles*, 177 Ill. 2d at 469. The operative inquiry for a court of review is whether the record, including any admonishments and written waiver, "establishes that defendant knew the difference between a bench trial and a jury trial and voluntarily chose the former." *Bannister*, 232 Ill. 2d at 71; *People v. Bracey*, 213 Ill. 2d 265, 271 (2004).

¶ 14    In the present case, defendant filed a jury waiver indicating that her waiver of the right to a jury was being done "knowingly and understandingly." While the court accepted that waiver, it did so without any sort of admonitions to defendant regarding the nature of a jury trial or a bench trial. There was no discussion of any sort with defendant or with counsel about the written waiver, as the waiver was apparently filed after the proceedings had ended.

¶ 15    In *People v. Scott*, 186 Ill. 2d 283, 284 (1999), our supreme court held that a written waiver *alone* does not constitute a valid jury waiver. In that case, the defendant signed a jury waiver in his attorney's office, and the waiver was filed outside of the defendant's presence. *Id.* In finding the waiver invalid, the supreme court observed: "We have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed." *Id.* at 285. In this case, defendant was present when the court stated: "We need to do a jury waiver ***." Certainly, this bare mention of a jury waiver—the last line of the report of proceedings from that day—does not amount to the discussion contemplated

4

in *Scott*. In any event, the court fell well short of ensuring that defendant's waiver was made understandingly. See *Tooles*, 177 Ill. 2d at 469.

¶ 16    In reaching the conclusion that defendant did not validly waive her right to a jury, we are aware of our supreme court's comments in *People v. Frey*, 103 Ill. 2d 327 (1984). There the court stated:

> "Recognizing that the accused typically speaks and acts through his attorney, we have given effect to jury waivers made by defense counsel in defendant's presence where defendant gave no indication of any objection to the court hearing the case. [Citations.] In [*People v.*] *Murrell* [60 Ill. 2d 287 (1975)] and [*People v.*] *Sailor* [43 Ill. 2d 256 (1969)], for instance, defense counsel's single statement that defendant was waiving a jury was held to constitute a valid waiver since defendant was present in the courtroom and failed to object." *Id.* at 332.

Under *Frey*, the mere statement by defense counsel that a defendant was waiving her right to a jury trial would, as long as defendant was present for the statement, amount to a valid waiver of the right to a jury trial. This seems antithetical to the court's more recent observation that "our decisions have imposed on a trial court the duty of ensuring that a defendant waives the right to a jury trial expressly and understandingly." *Bannister*, 232 Ill. 2d at 66; *Tooles*, 177 Ill. 2d at 469. The *Bannister* court further demanded that "[w]hen a defendant waives the right to a jury trial, the pivotal knowledge that the defendant must understand—with its attendant consequences—is that the facts of the case will be determined by a judge and not a jury." *Bannister*, 232 Ill. 2d at 69. The present case, however, does not call on us to reconcile these disparate points of law. Counsel did not affirmatively state that defendant was waiving her right to a jury trial. Rather, he

5

merely asked to set a date for a bench trial. Even under *Frey*, this cannot be considered a valid waiver of the right to trial by jury.

¶ 17        Finally, we reject the State's contention that the record on appeal is insufficient. The State points out that no reports of proceedings were compiled from four court dates at which defendant was present prior to the October 5 written jury waiver, and thus argues that the court may have delivered the necessary admonitions on one of those dates.

¶ 18        In *People v. Smith*, 106 Ill. 2d 327, 334 (1985), the court found that "[g]iven the statutory requirement that a jury waiver be made in open court, a suitable report of the proceeding *in which the waiver is supposed to have occurred* will be an essential part of the record in an appeal that raises the question." (Emphasis added.); see also *id.* at 335 ("[W]hen an entry in the common law record indicates that a jury waiver has been made, a defendant seeking review of that question should include in the record on appeal a transcript *** *of the corresponding proceeding*." (Emphasis added.)).

¶ 19        Relying on *Smith*, the court in *People v. Majka*, 365 Ill. App. 3d 362, 369-70 (2006), rejected a similar argument to that raised by the State here. After observing that a defendant need only provide a transcript of the proceeding at which the jury waiver was made, the court held:

> "If the State contends that the court accepted the waiver at some other time, the burden is on it to supplement the record to show this. [Citation.] Thus, despite the burden on the appellant to provide a record complete enough for review, the appellee cannot force the appellant to provide an exhaustive record by speculating that a partial record is misleading. The appellee has the burden of providing a record that shows that there is substance to its speculations." *Id.*

6

¶ 20          We reach the same conclusion here. The written jury waiver was filed following the proceedings on October 5, 2017. A full transcript of those proceedings appears on the record, and, as discussed above, it clearly demonstrates that the court did not ensure defendant was understandingly waiving her right to trial. Moreover, the docket entries from the dates in question provide no indication that any matters of substance were discussed. Defendant was under no obligation to provide transcripts of court proceedings wholly unrelated to the purported jury waiver. The State was free to provide transcripts, or some adequate substitute, to support its speculation that the court actually delivered proper admonishments on some date other than the day the written waiver was filed.

¶ 21          Defendant argues that the lack of a valid jury waiver in this case requires reversal under the second prong of plain error. The State does not refute this argument. Indeed, it is well-settled that the lack of a valid jury waiver is reversible plain error. *E.g.*, *Bracey*, 213 Ill. 2d at 270, 273; *Smith*, 106 Ill. 2d at 333, 337. We therefore vacate defendant's convictions for driving while license revoked and leaving the scene of an accident and remand the matter for further proceedings.

¶ 22                                      III. CONCLUSION

¶ 23          The judgment of the circuit court of Tazewell County is vacated and remanded for further proceedings.

¶ 24          Vacated and reversed.

¶ 25          Cause remanded.