2021 IL App (1st) 190446-U

SIXTH DIVISION
April 30, 2021

No. 1-19-0446

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 17 DV 77751 |
| v. | ) ) | |
| | ) | Honorable |
| COREY CARR, | ) ) | Yolande M. Bourgeois and Caroline Kate Moreland, |
| Defendant-Appellant. | ) | Judges presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Connors and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction for domestic battery is affirmed. We reject his claim that he did not knowingly and voluntarily waive his right to a jury trial.

¶ 2    Following a bench trial, defendant Corey Carr was convicted of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2016)) and sentenced to six days in prison and 18 months of conditional discharge. On appeal, Mr. Carr argues that he did not knowingly and voluntarily waive his right to a jury trial because the trial court provided inadequate admonitions. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Mr. Carr was charged by misdemeanor complaint with domestic battery of his wife, Andria Barner-Carr.

¶ 5      On December 20, 2017, with Mr. Carr present, defense counsel requested the case be set for a bench trial. The court confirmed the date requested and asked, "is that for bench or for jury?" Defense counsel responded, "Bench, Judge."

¶ 6      On the date of trial, June 7, 2018, the following colloquy occurred:

> "THE COURT: Do you understand you have a right to a jury trial?
>
> [MR. CARR]: I do.
>
> THE COURT: Do you understand what a jury trial is?
>
> [MR. CARR]: I do.
>
> THE COURT: I have in my hand a jury waiver, is that your signature?
>
> [MR. CARR]: It is.
>
> THE COURT: Did you read that or was it explained to you before you signed it?
>
> [MR. CARR]: Yes.
>
> THE COURT: Do you understand you're giving up your right to a jury trial when you give me that piece of paper?
>
> [MR. CARR]: Yes."

¶ 7      The written jury waiver is not included in the record on appeal.

¶ 8      At trial, Ms. Barner-Carr testified that on November 21, 2017, she and Mr. Carr lived with their two daughters in Chicago. That day, Ms. Barner-Carr and Mr. Carr returned home from a "heated" meeting with a divorce attorney. Mr. Carr followed Ms. Barner-Carr through the house, pushed her, and "yanked" her phone from her hand. As they struggled for the phone, Mr. Carr

dragged her and slammed her to the floor, causing her to hit her head on the refrigerator. The State published footage of the incident from a security camera in the home. Ms. Barner-Carr sustained bruises on her arm, legs, and back, and identified her injuries in photographs. A police officer who responded to the scene testified that Ms. Barner-Carr was distraught, and her phone was broken. Mr. Carr testified that he and Ms. Barner-Carr "tussl[ed]" over the phone, and agreed the video showed him pushing her, but denied chasing her. The court found Mr. Carr guilty, and the cause immediately proceeded to sentencing.

¶ 9    When asked if it had anything in aggravation, the State noted that Mr. Carr had no publishable background. In mitigation, defense counsel argued that Mr. Carr was 43 years old, had been employed for 21 years in customer service for the Chicago Transit Authority, completed 2 years of college, and was getting services for "mental and physical health issues." Mr. Carr declined to speak in allocution. The court sentenced Mr. Carr to 60 days in prison followed by 18 months of conditional discharge, and domestic violence counseling.

¶ 10    Mr. Carr filed timely motions for a new trial and to reconsider his sentence. The court denied the motion for a new trial, but reduced Mr. Carr's sentence to six days of time served, still followed by 18 months of conditional discharge.

¶ 11                                    II. JURISDICTION

¶ 12    Mr. Carr was sentenced on February 20, 2019, and timely filed his notice of appeal on February 26, 2019. We have jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 603 (eff. Feb. 6, 2013) and 606 (eff. Dec. 11, 2014), governing appeals from final judgments in criminal cases.

¶ 13                                    III. ANALYSIS

¶ 14    Mr. Carr's argument on appeal is that the trial court's admonitions did not adequately

ensure that he knowingly and voluntarily waived his right to a jury trial. Mr. Carr argues that the trial court did not ask whether the waiver resulted from threats or promises, or explain (1) how many people were on a jury; (2) who the jurors would be or how they would be selected; (3) that during a jury trial, he could cross-examine the State's witnesses and present his own witnesses and evidence; (4) that a jury's guilty verdict must be unanimous; or (5) the difference between a bench and jury trial. On this basis, he contends the waiver was not valid.

¶ 15    Mr. Carr acknowledges that he did not preserve this issue for review by challenging the validity of his waiver below. See *People v. Cregan*, 2014 IL 113600, ¶ 15 ("To preserve an issue for review, a party ordinarily must raise it at trial and in a written posttrial motion."). However, he requests we review the issue for plain error.

¶ 16    Under the plain-error doctrine, we will address a forfeited claim if a clear or obvious error occurred and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the error was "so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Harvey*, 2018 IL 122325, ¶ 15. The first consideration is whether a clear or obvious error occurred. *Id.*

¶ 17    The right to a jury trial is guaranteed by both our federal and state constitutions. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. A waiver of the right is valid only if made knowingly and voluntarily. *People v. Bannister*, 232 Ill. 2d 52, 65 (2008); see also 725 ILCS 5/103-6 (West 2016) (right to jury must be "understandingly waived by [the] defendant in open court"). The trial court must therefore ensure that the waiver is valid, but there is no established formula or procedure the court must follow, and the validity of a waiver depends on the facts and

circumstance of each case. *Bannister*, 232 Ill. 2d at 66. "[A] trial court need not give any specific admonition or advice for a defendant to make an effective jury waiver." *Id.* The defendant must understand that the facts of his case will be determined by the judge and not a jury. *Id.* at 69. Although not dispositive, the presence of a written waiver weighs in favor of finding the waiver to be knowing, intelligent, and voluntary. *People v. Parker*, 2016 IL App (1st) 141597, ¶ 50. The defendant bears the burden of establishing his waiver was invalid, an issue we review *de novo*. *People v. West*, 2017 IL App (1st) 143632, ¶ 10.

¶ 18    In this case, we find no clear or obvious error in the trial court's acceptance of Mr. Carr's jury waiver. During pretrial proceedings, in Mr. Carr's presence, counsel requested the case be set for a bench trial, and Mr. Carr did not object. Immediately before trial, the court asked Mr. Carr whether he understood that he had a right to a jury trial, whether he understood what a jury trial was, whether he signed the written jury waiver, whether he read the written waiver or had it explained to him, and whether he understood that he was giving up his right to a jury trial. Mr. Carr responded affirmatively to each inquiry.

¶ 19    The admonishments in this case are similar to those in *People v. Clay*, 363 Ill. App. 3d 780 (2006). In that case, defense counsel indicated that the defendant wished for a bench trial and the defendant executed a written jury waiver. *Clay*, 363 Ill. App. 3d at 791. The court asked the defendant if she knew what a jury trial was and she responded affirmatively. *Id.* The court then stated that she had the right to a jury trial and asked if she was giving that right up, and she again responded affirmatively. *Id.* On appeal, we found that she knowingly waived her right to a jury trial because she was represented by counsel, indicated she understood the meaning of a jury trial, stated she was giving up that right, and signed and tendered a jury waiver. *Id.*; see also *Parker*, 2016 IL App (1st) 141597, ¶¶ 44, 53 (finding no error where trial court told the defendant that

signing a jury waiver would give up his right to jury trial and asked the defendant whether he knew what a jury trial was, and the defendant responded, "Yes.").

¶ 20    Mr. Carr notes that, in *People v. Tooles*, 177 Ill. 2d 462 (1997), our supreme court upheld a set of jury waivers where the trial courts variously explained the differences between bench and jury trials, ensured the waivers were not made under threat or promise, and confirmed that the defendants had discussed the waiver with counsel. *Tooles*, 177 Ill. 2d at 469-73. However, the court did not make any admonishments mandatory, recognizing that "no set admonition or advice is required" and that the determination is made on the facts and circumstances of each case. *Id.* at 469; see also *Parker*, 2016 IL App (1st) 141597, ¶ 50 (noting that *Tooles* did not require any certain admonishments and the defendants in *Tooles* did not sign written jury waivers). As these cases make clear, the fact that the trial court here did not detail the difference between a bench trial and a jury trial or specifically ask about threats or promises does not render Mr. Carr's waiver invalid. See also *Bannister*, 232 Ill. 2d at 66 (validity of a waiver depends on circumstances of each case and no specific admonishment is necessary to ensure a waiver's validity).

¶ 21    While Mr. Carr argues that he had no prior experience with the criminal justice system, this is not a prerequisite to a knowing waiver. Notably, Mr. Carr's education included two years of college, and this experience is also relevant. See *People v. Frey*, 103 Ill. 2d 327, 333 (1984) (affirming a jury waiver where the defendant exhibited "intelligence, experience and considerable education").

¶ 22    Further, Mr. Carr was represented throughout the proceedings by counsel, who made the initial request that the case be set for a bench trial in Mr. Carr's presence. See *West*, 2017 IL App (1st) 143632, ¶ 10 ("A jury waiver is generally valid where defense counsel waives that right in open court and the defendant does not object to the waiver."). This makes Mr. Carr's case different

than *People v. Sebag*, 110 Ill. App. 3d 821 (1982), in which the trial court did not ask the *pro se* defendant whether he understood what a jury trial was and merely informed him that he was entitled to a jury trial and if he waived a jury trial, could not later reinstate it. *Sebag*, 110 Ill. App. 3d at 829; see also *Clay*, 363 Ill. App. 3d at 791-92 (distinguishing *Sebag* where the defendant was represented by counsel, acknowledged she understood the meaning of a jury trial, and executed a written waiver).

¶ 23 Lastly, we note that Mr. Carr's written jury waiver is not in the record on appeal. Any doubts arising from its absence will be construed against him, as it is the appellant's burden to provide a sufficiently complete record; absent that, we presume "the trial court's judgment conforms to the law and has a sufficient factual basis." *People v. Carrion*, 2020 IL App (1st) 171001, ¶ 34.

¶ 24 In short, Mr. Carr has not established that his jury waiver was invalid. Because we find no error regarding the waiver, we can find no plain error.

¶ 25                    IV. CONCLUSION

¶ 26 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 27 Affirmed.