**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190097-U

Order filed May 18, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0097 Circuit No. 18-CF-1537 |
| | ) | |
| ANTONIO C. RUSSELL-RIVERS, | ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices O'Brien and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Defendant's waiver of his right to trial by jury was valid where the court ensured that defendant knew he would be tried by the court rather than a jury.

¶ 2    Defendant, Antonio C. Russell-Rivers, appeals following his conviction for criminal sexual abuse. He argues that his waiver of his right to trial by jury was invalid because the Will County circuit court failed to provide adequate admonishments regarding the nature of the right being waived. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged via indictment with criminal sexual assault (720 ILCS 5/11-1.20(a)(2), (b) (West 2018)), criminal sexual abuse (*id.* § 11-1.50(a)(2), (d)), and obstructing justice (*id.* § 31-4(a)(1), (b)(1)).

¶ 5        While the above charges were pending, the record shows that defendant was charged with an offense relating to his conduct in jail. On November 7, 2018, defendant pled guilty to a charge of resisting a correctional institution employee. In the course of the plea hearing, the court asked defendant: "You are waiving your right to a jury and a bench trial. You know the difference between the two?" Defendant responded: "Yes, ma'am."

¶ 6        On December 3, 2018—in defendant's original case—defense counsel indicated to the court that she had visited defendant the week prior and that "[defendant] informed [counsel] that he was choosing to waive his right to trial by jury and was requesting a bench trial." As defendant had been previously removed from the courtroom, the court indicated that "[w]e may need to bring him back up to see exactly what he wants to do."

¶ 7        Defendant appeared in court the next day, December 4, 2018. A written jury waiver was signed by defendant and tendered by counsel. The following colloquy ensued:

> "THE COURT: Sir, you are waiving your right to a trial by jury and consenting that this cause be tried by the Court; am I correct?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: No one forced you or promised you anything to waive your constitutional rights to a jury trial?
>
> THE DEFENDANT: No, ma'am."

The court accepted the waiver and the matter proceeded to a bench trial the same day.

¶ 8    During the trial, the court entered a directed finding of not guilty on the obstructing justice charge. Later, the court found defendant not guilty of criminal sexual assault but guilty of criminal sexual abuse. It sentenced defendant to a term of two years' imprisonment.

¶ 9                                II. ANALYSIS

¶ 10    On appeal, defendant argues that the circuit court failed to ensure that his waiver of his right to trial by jury was made understandingly because it did not provide him with adequate admonishments regarding the nature of that right. Defendant concedes that he failed to preserve the instant issue in a posttrial motion, and therefore requests that we review the matter under the rubric of plain error.

¶ 11    The first step in any plain error analysis is to determinate whether a clear or obvious error has been committed. *People v. Sebby*, 2017 IL 119445, ¶ 49. Whether the procedures employed by the circuit court in ensuring the validity of a jury waiver are sufficient is a question of law that we review *de novo*. *People v. Bannister*, 232 Ill. 2d 52, 66 (2008).

¶ 12    A trial court has a duty of ensuring that a defendant's waiver of his right to trial by jury is done expressly and understandingly. *Id.* However, there are no specifically prescribed admonitions the court is obligated to deliver; rather, the determination of whether a jury waiver is valid depends on the circumstances of each particular case. *Id.* "When a defendant waives the right to a jury trial, the pivotal knowledge that the defendant must understand—with its attendant consequences—is that the facts of the case will be determined by a judge and not a jury." *Id.* at 69.

¶ 13    In the present case, the circuit court asked defendant if he understood that his case would be tried by the court, rather than a jury, should he waive his right to a jury trial. Defendant affirmatively indicated that he understood. In ensuring that defendant understood the right he

3

was waiving, the court would also have recalled that defendant previously indicated that he understood the difference between a bench trial and a jury trial. Additionally, counsel had informed the court earlier that defendant told her of his affirmative choice of a bench trial. Finally, it is notable that defendant was represented by counsel when his waiver was discussed in open court. See *People v. Bracey*, 213 Ill. 2d 265, 270 (2004) ("Generally, a jury waiver is valid if it is made by defense counsel in defendant's presence in open court, without an objection by defendant.").

¶ 14       Defendant argues that the circuit court failed to make the "requisite inquiries," and points to the case of *People v. Tooles*, 177 Ill. 2d 462 (1997), as an example of the procedures the court should have followed. In that case, the circuit court required the defendant to explain to the court what a jury trial entailed and what a bench trial entailed before accepting the waiver. *Id.* at 469-70.

¶ 15       Contrary to defendant's argument, it is well-settled that there are no set admonitions that must be delivered in order for a jury waiver to be valid. *Bannister*, 232 Ill. 2d at 66; *Tooles*, 177 Ill. 2d at 469; *People v. Smith*, 106 Ill. 2d 327, 334 (1985). Neither the colloquy in *Tooles* nor that in any other case may be set forth as a standard requirement. In other words, there are no "requisite inquiries" a court must make. A court must only ensure that a defendant has the minimal "pivotal knowledge" announced in *Bannister*, namely, the knowledge that a judge will decide his case instead of a jury. *Bannister*, 232 Ill. 2d at 69. The circuit court in this case satisfied that requirement. We therefore find no clear or obvious error and need not proceed any further in our plain error analysis.

¶ 16                              III. CONCLUSION

¶ 17       The judgment of the circuit court of Will County is affirmed.

4

¶ 18         Affirmed.