**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190784-U

Order filed March 3, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0784 Circuit No. 18-CF-701 |
| | ) | |
| MILTON C. WOLF, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices Daugherity and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   Defendant knowingly and voluntarily waived his right to a jury trial.

¶ 2      Defendant, Milton C. Wolf, appeals his conviction for criminal trespass to a residence. He argues that the Kankakee County circuit court violated his right to a jury trial where it accepted his jury waiver without properly admonishing him and ensuring he expressly and understandingly waived his right to a jury trial. We affirm.

¶ 4        The State charged defendant with criminal trespass to a residence (720 ILCS 5/19-4(a)(2) (West 2018)) and battery (*id.* § 12-3(a)(1)). Prior to trial, defendant signed a written jury waiver which stated, "I hereby waive a jury trial in the above entitled cause and consent to trial before the court." On that same day, while defendant was present in court, defense counsel stated "We're signing a jury waiver. *** My client's requesting bench trials on both those cases." The court stated, "We're just gonna show in both—17-CM-980 and 18-CF-701—in both cases he waives jury." Counsel replied "Yes." After informing defendant of the trial date of Friday, July 12, it stated "We got to go to Fridays on jury trial weeks for bench trials—significant bench trials. So it's 2 o'clock July 12." Defendant replied, "Thank you, Your Honor." Defendant never objected to the waiver of the jury trial and the setting of a bench trial. Additionally, defendant did not raise any issue regarding the validity of the jury trial waiver in the circuit court.

¶ 5        The court ultimately held a bench trial and found defendant guilty of criminal trespass to a residence and not guilty of battery. The matter proceeded to sentencing. The presentence investigation report indicated that, as an adult, defendant had two prior felony convictions and various traffic convictions. The court sentenced defendant to three years' imprisonment. Defendant appeals.

¶ 6                                    II. ANALYSIS

¶ 7        Defendant argues that the court erred in accepting his jury waiver without admonishing him as to the difference between a jury and bench trial. He argues that the record does not show that he expressly or understandingly waived the right to a jury trial.

¶ 8        As an initial matter, defendant acknowledges that he forfeited the right to challenge his jury waiver because he did not raise this issue below (see *People v. Enoch*, 122 Ill. 2d 176, 186

(1988)), but he requests relief through the plain error doctrine. The first step in applying the plain error doctrine is to determine if an error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 9     To be valid, a jury waiver must be knowingly and understandingly made. *People v. Bracey*, 213 Ill. 2d 265, 269 (2004). "[W]hile the circuit court must insure that a defendant's jury waiver is understandingly made, no set admonition or advice is required before an effective waiver of that right may be made." *People v. Tooles*, 177 Ill. 2d 462, 469 (1997). Whether a jury waiver is valid depends on the particular facts and circumstances of each case. *Id.* "[J]ury waivers are valid when made in open court by defense counsel 'in defendant's presence where defendant gave no indication of any objection.' " *People v. Turner*, 375 Ill. App. 3d 1101, 1108 (2007) (quoting *People v. Frey*, 103 Ill. 2d 327, 332 (1984)). Courts have given effect to such waivers because an accused typically speaks and acts through his attorney. *Frey*, 103 Ill. 2d at 332. Additionally, "the existence of a written waiver supports a finding of a knowing waiver when accompanied by defense counsel's request for a bench trial made in open court and in the defendant's presence." *Turner*, 375 Ill. App. 3d at 1108.

¶ 10     In *People v. Johnson*, 347 Ill. App. 3d 442, 443-45 (2004), this court found a valid jury waiver where the record did not contain a written waiver and the record did not contain a transcript of the hearing wherein the jury was waived, but a docket entry indicated that defendant was present in open court when defense counsel informed the court that defendant was waiving a jury trial. There was no indication that the defendant in *Johnson* objected. *Id.* at 444-45. Additionally, the court stated that "the presentencing investigation report disclose[d] that the defendant was familiar with the criminal justice system" because she had a prior criminal conviction and several traffic convictions as an adult. *Id.* at 445.

3

¶ 11　　　　Similarly, in *Turner*, defendant was present in court when counsel waived defendant's right to a jury trial, defendant orally assented to the bench trial date, and defendant executed a written waiver. *Turner*, 375 Ill. App. 3d at 1102. This court found that the waiver was made knowingly and noted that "[a]lthough the trial court did not explicitly discuss the waiver with the defendant, she did not express any objection." *Id.* at 1109. Like *Johnson*, the court stated that defendant's two prior criminal convictions and multiple traffic convictions added additional support for finding a knowing waiver because they demonstrated a familiarity with the criminal justice system. *Id.*

¶ 12　　　　In this matter, defendant was present in court when counsel waived his right to a jury trial and requested a bench trial. Defendant did not object. Further, defendant signed a jury waiver which further indicates that he made a knowing waiver. See *Id.* at 1108. Finally, like the defendants in *Johnson* and *Turner*, defendant has prior convictions, indicating his familiarity with the criminal justice system. Viewing these facts together, we conclude that defendant knowingly and voluntarily waived his right to a jury trial. Therefore, we find no error, and thus, no plain error.

¶ 13　　　　Although we find the waiver here was knowingly and voluntarily made, we note that the better practice for circuit courts to follow is to expressly ensure, on the record, that defendant understands the difference between a bench and a jury trial, defendant understands he or she has the right to be tried by a jury, no one forced defendant to waive that right, and defendant, in fact, wants to waive that right.

¶ 14　　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 15　　　　The judgment of the circuit court of Kankakee County is affirmed.

¶ 16　　　　Affirmed.

4