2025 IL App (1st) 230510-U

No. 1-23-0510

Order filed February 7, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 CR 7228 |
| | ) | |
| SHAHZAB RIZWAN, | ) | Honorable |
| | ) | Joseph Michael Cataldo, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE TAILOR delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's conviction is affirmed where his jury waiver was valid.

¶ 2    Following a bench trial, defendant Shahzab Rizwan was found guilty of misdemeanor theft

(720 ILCS 5/16-1(a)(1)(A), (b)(1) (West 2022)) and felony criminal damage to property exceeding

$500 but not exceeding $10,000 (720 ILCS 5/21-1(a)(1), (d)(1)(F) (West 2022)) and sentenced to

time served in pretrial custody and two years of probation, respectively. On appeal, Rizwan argues

that the circuit court did not ensure that his jury waiver was made knowingly or voluntarily. We affirm.

¶ 3     Rizwan was charged by indictment with felony theft and felony criminal damage to property following an incident on July 8, 2022. At status hearings on September 29, 2022, and November 7, 2022, Rizwan's attorney informed the court that Rizwan sought a bench trial. On December 13, 2022, the trial court stated that the cause was continued for a bench trial on February 8, 2023. The report of proceedings notes that Rizwan attended the November and December hearings, but does not state whether Rizwan attended the September hearing.

¶ 4     On February 8, 2023, during a pretrial hearing, the following exchange occurred:

"THE COURT: Great. Your attorney has indicated you wish to waive your right to a jury trial; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: I'm holding in my hand a document entitle[d] jury waiver, waiver of presentence report. Did your attorney explain to you what a jury trial is?

THE DEFENDANT: Yes, sir.

[THE COURT][1]: He explained to you by signing the middle portion of this document, you give up your right to a jury trial in this case?

THE DEFENDANT: Yes, sir.

THE COURT: You signed it?

THE DEFENDANT: Yes, sir.

---

[1] The report of proceedings attributes this text to another speaker. Based on context, however, we construe that as an error in the record.

THE COURT: All right. Jury waiver will be accepted."

¶ 5 Rizwan's signed jury waiver form, dated February 8, 2023, is included in the record. It states, "I, the undersigned, do hereby waive jury trial and submit the above entitled cause to the Court for hearing."

¶ 6 The same day, a bench trial commenced. The State presented the complaining witness and a police officer, whose testimony established that on January 16, 2022, in Elk Grove, Illinois, officers responded to a report of a "physical domestic and possible criminal damage to property." The complaining witness stated that Rizwan took her cell phone and later used it to hit the infotainment center of her vehicle, causing damage to the vehicle. Rizwan told responding police officers that he took the complaining witness's cell phone but did not have it at that time.

¶ 7 The circuit court found Rizwan guilty of the lesser-included offense of misdemeanor theft, because the value of the cell phone was not proved, and felony criminal damage to property. Rizwan was sentenced to 24 months of probation for felony criminal damage to property and time served in pretrial custody for misdemeanor theft.

¶ 8 On appeal, Rizwan contends that the circuit court did not ensure that he made a knowing and voluntary waiver of his right to a jury trial.

¶ 9 Rizwan acknowledges that he did not preserve the issue through a timely objection and posttrial motion (see *People v. Romero*, 2018 IL App (1st) 143132, ¶ 84) but argues that we can review for plain error. Plain error review is appropriate where a clear or obvious error occurred at trial and (1) the evidence was so "closely balanced" that the error, by itself, may have tipped "the scales of justice against the defendant," irrespective of the error's seriousness, or (2) the error was so inherently serious that "it affected the fairness of the defendant's trial and challenged the

integrity of the judicial process," regardless of whether the evidence was closely balanced. *People v. Belknap*, 2014 IL 117094, ¶ 48. "Whether a defendant's fundamental right to a jury trial has been violated is a matter that may be considered under the plain error rule." *People v. Bracey*, 213 Ill. 2d 265, 270 (2004). Rizwan argues that his claim is reviewable under the second prong of plain error analysis. However, before considering Rizwan's claim under either prong, we must first determine whether error has occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 10    A defendant's right to a jury trial is guaranteed by the United States Constitution, and the decision to waive this right and proceed by bench trial must be done knowingly and understandingly. U.S. Const., amends. VI, XIV; 725 ILCS 5/103-6; *Bracey*, 213 Ill. 2d at 269. The circuit court must ensure that the defendant's waiver is proper, but there is no established set of admonishments. *People v. Bannister*, 232 Ill. 2d 52, 66 (2008); *People v. West*, 2017 IL App (1st) 143632, ¶ 10. Whether a jury waiver is valid cannot be determined by application of a precise formula, but instead turns on the particular facts and circumstances of each case. *People v. Maxey*, 2018 IL App (1st) 130698-B, ¶ 107. While the trial court need not impart on defendant any set admonition or advice to be effective, the circuit court should ensure that the defendant "(1) understands he is entitled to a jury trial, (2) understands what a jury trial is, and (3) wishes to be tried by a jury or by the court without a jury." *Id* ¶ 15 (citing *People v. Chitwood,* 67 Ill. 2d 443, 448-49 (1977)); *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7 ("The crucial determination is whether the waiving defendant understood that his case would be decided by a judge and not a jury."). On appeal, Rizwan has the burden to prove his jury waiver was invalid. *Id*. Because the facts underlying this claim are not in dispute, our review is *de novo*. *Bannister*, 232 Ill. 2d at 66.

¶ 11    Rizwan has not demonstrated that his jury waiver was invalid. First, the record shows that Rizwan's attorney informed the court at three hearings before trial that Rizwan wished to have a bench trial. Rizwan, who was present in court for at least two of those hearings, raised no objection. Generally, a waiver of the right to trial by jury will be deemed valid if made by defense counsel in open court in the presence of the defendant where he or she does not object. *Bracey*, 213 Ill. 2d at 270; see *Reed*, 2016 IL App (1st) 140498, ¶ 7 (A defendant's silence when his defense counsel requests a bench trial may provide evidence that he knowingly relinquished his right to a jury trial.). Counsel's conversations with the trial court in Rizwan's presence without any objection being lodged by Rizwan were sufficient to effectuate a valid jury waiver on Rizwan's behalf. *Id*; see also *People v. Smith*, 106 Ill. 2d 327, 334 (1985) ("[W]e have recognized the validity of a waiver made by defense counsel in the presence of the defendant and without his objection.").

¶ 12    Second, on the day of trial, Rizwan's attorney presented the court with a jury waiver form signed by Rizwan. The court then asked Rizwan whether counsel explained what a jury trial is and that by signing the jury waiver form Rizwan gave up his right to jury trial. Rizwan answered both questions in the affirmative. The signed jury waiver form states that Rizwan chose to "waive jury trial and submit the above entitled cause to the Court for hearing." The existence of a signed written waiver weighs in favor of finding the waiver to be knowing, intelligent, and voluntary. *People v. Parker*, 2016 IL App (1st) 141597, ¶ 50 (citing *Bannister*, 232 Ill. 2d 52, 66 (2008)); see also *People v. Gatlin*, 2017 IL App (1st) 143644, ¶ 14 ("Although not dispositive of a valid waiver, a written waiver may provide evidence that the defendant knowingly relinquished his right to a jury trial."); *People v. Clay*, 363 Ill. App. 3d 780, 791 (2006) (while written and signed jury trial waiver alone does not demonstrate understanding of waiver, it does lessen the probability that the waiver

was not made knowingly).

¶ 13    Third, the presentence investigation report in this case showed that Rizwan graduated from high school as an honor roll student, attended college classes and received a forklift certificate from Lake Land College. Rizwan's intelligence and aptitude are also relevant to the determination of whether he knowingly waived his right to a jury trial. See *People v. Frey*, 103 Ill. 2d 332, 333 (1984) (affirming jury waiver by defendant who demonstrated "intelligence, experience and considerable education"); see also *People v. Purnell*, 126 Ill. App. 3d 608, 622 (1984) (noting, in upholding waiver, that defendant had no history of mental illness or intellectual disability). Nothing in the record indicates that Rizwan's background or level of sophistication prevented him from understanding that he had the right to a jury trial and would be tried by a judge if he waived that right.

¶ 14    Finally, the record established that Rizwan had an extensive criminal history including multiple felony and misdemeanor convictions. Although Rizwan may have pled guilty and not gone to trial in his other cases, he is no stranger to the criminal justice system. Considering Rizwan's criminal history, the record does not support an inference that he was so unfamiliar with the justice system that he did not understand the differences between a bench and jury trial. See *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 46 (rejecting defendant's argument that he did not understand his right to a jury trial where defendant had a criminal history but had not gone to trial in a criminal case); *People v. Thomas*, 2019 IL App (2d) 160767, ¶ 19 (defendant's experience with the criminal justice system bolstered determination that he understood jury trial rights). Based on all these factors, we conclude that the trial court did not err by finding that Rizwan's jury waiver was knowingly and voluntarily made.

¶ 15    Rizwan nevertheless asserts that the preprinted waiver is inadequate, and the circuit court's admonitions did not establish that Rizwan knowingly, voluntarily, and intelligently waived his right to a jury trial. Specifically, Rizwan argues that the circuit court did not make certain inquiries and admonishments discussed in *People v. Tooles*, 177 Ill. 2d 462, 470-73 (1997), including explaining the difference between a bench and jury trial to confirm that defendant knew the difference and asking if the jury waiver was a result of threats or promises. In *Tooles*, however, our supreme court confirmed that "no set admonition or advice is required" because validity "turns on the facts and circumstances of each particular case." *Id.* at 469.

¶ 16    Here, the record demonstrates that Rizwan made his decision in consultation with his counsel who made Rizwan aware of his right to a jury trial. Rizwan's signed jury waiver, presented and discussed in open court, shows that he knowingly and voluntarily waived that right. Having found no error as to Rizwan's jury waiver, there can be no plain error and Rizwan's forfeiture of the issue will be honored. *People v. Calhoun*, 404 Ill. App. 3d 362, 382 (2010).

¶ 17    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 18    Affirmed.